**Dub LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38125.**

Court of Criminal Appeals of Texas.

June 2, 1965.

Rehearing Denied Oct. 13, 1965.

Allen Harp, Childress, for appellant.

John Deaver, County Atty., Memphis, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Our prior opinions are withdrawn.

The offense is driving while intoxicated; the punishment, a fine of $100.00 and 3 days in jail.

No statement of facts on the merits accompanies the record.

We do have, however, a statement of facts on the hearing held concerning appellant's plea of former jeopardy and an exception appears therein to the action of the trial court in overruling the plea of former jeopardy. From this statement of facts we observe that the jury was retired to consider their verdict at 3:45 P.M. and that the jury twice reported to the court that they were unable to reach a verdict, and at 5:27 P.M., upon the motion of the state, the jury was discharged without the consent of the accused and without the consent of his counsel being requested.

While there is some conflict in the evidence as to whether or not appellant's counsel conceded to the dismissal, it is appellant's contention that he did not consent to the dismissal.

Appellant relies upon Grigsby v. State, 158 Tex.Cr.R. 484, 257 S.W.2d 110, to support his contention. This Court did hold in Grigsby's case that the trial court abused his discretion in a driving while intoxicated case when he discharged the jury without the consent of the accused after they had deliberated for only one hour and forty-five minutes. It is significant to observe that Art. 682, Vernon's Ann.C.C.P., provides:

"After the cause is submitted to the jury, they may be discharged when they can not agree and both parties consent to their discharge; *or the court may in its discretion discharge them where they have been kept together for such time as to render it altogether improbable that they can agree.*"

It is obvious from the above statute that a jury may either be discharged by agreement of the parties consenting thereto, or upon the Court's own motion, within his discretion. Conceding that appellant did not consent to the discharge of the jury, we must then look to the record to determine if the trial court abused his discretion in discharging the jury without the consent of appellant.

We said in Green v. State, 167 Tex.Cr. R. 330, 320 S.W.2d 139: "The exercise of discretion is measured by the time the jury have been kept together, *considered in the light of the nature of the case and the evidence.*"

 In passing upon this question in the light of the rule laid down in the Green case, it necessarily behooves this Court to look to the nature of the case, the amount of evidence adduced and considered by the jury in making a determination as to an abuse of discretion. In other words, before we can say that the jury was prematurely discharged by the trial court, we must necessarily know some of the facts to indicate the amount and length of testimony the jury was called upon to consider in their deliberations, we must know the time consumed by the trial and then weigh this time element against the time that the jury deliberated prior to their discharge.

Green, supra, was cited by approval by this Court in Villarreal v. State, 172 Tex.Cr.R. 213, 355 S.W.2d 516, certiorari denied 371 U.S. 867, 83 S.Ct. 127, 9 L.Ed.2d 103. We held in Villarreal that a plea of former jeopardy should not be sustained in a murder case where the punishment assessed was 25 years confinement in the penitentiary, where the jury had been discharged by the court after having deliberated for approximately 12 to 14 hours. In the Green case the jury deliberated between five and seven hours. The presentation of evidence had consumed approximately one day of the trial. We held that the trial court did not abuse his discretion in concluding that the jury could not agree upon a verdict and in discharging them at the former trial.

In Villarreal, supra, we said: "Since there is no statement of facts on the merits in this case, this Court cannot consider the nature of the evidence in determining whether the trial court used discretion." *We do not have before us a statement of facts on the merits in the case at bar.* While Grigsby, supra, relied upon by appellant, does not reflect it from the opinion, the record in that case reflects that a full statement of facts on the merits was brought forward to this Court and that testimony was adduced from a total of 13 witnesses. Davis v. State, 144 Tex.Cr.R. 474, 164 S.W. 2d 686, also cited by appellant, also contains a statement of facts on the merits.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment of the trial court is affirmed.