John **SATTERWHITE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46788.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Mark A. Schwartzman and Mark J. Sideman, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus Wilcox, Fred Rodriguez & Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D.

Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of burglary with intent to commit theft. Punishment was assessed by the court at six years' imprisonment.

Both of appellant's grounds of error on this appeal are based upon his contention that the trial court should have upheld his plea of former jeopardy. Appellant was previously put to trial in the same court and on the same indictment, but the jury was unable to reach a verdict and was discharged by the court, over appellant's objection.

■ Appellant's ground of error urging that the court committed reversible error in failing to provide a statement of facts from the first trial is now moot. By an order of this Court, delivered December 4, 1973, the trial court was ordered to provide a transcript of testimony from the first trial, and such statement was received by this Court on January 25, 1974. The statement of facts from the first trial is necessary to the determination of the double jeopardy issue in situations such as this. See Lindsey v. State, 393 S.W.2d 906 (Tex.Cr.App.1965).

With regard to appellant's plea of former jeopardy, it is contended that the court abused its discretion in discharging the jury at the first trial before they had been kept together for such a time as to render it altogether improbable that they could reach a verdict. See Art. 36.31, Vernon's Ann.C.C.P.

■ A jury which is unable to agree on a verdict may be discharged by agreement of the parties, or upon the court's own motion when they have been kept together for such a time as to render agreement alto-gether improbable. See Art. 36.31, supra, and Lindsey v. State, supra.

■ The exercise of discretion by the trial court, in discharging the jury upon his own motion, is measured by the amount of time the jury deliberated in light of the nature of the case and of the evidence. See O'Brien v. State, 455 S.W.2d 283 (Tex.Cr.App.1970) and cases there cited. In order to determine whether a jury has been prematurely discharged, we must ". . . know some of the facts to indicate the amount and length of testimony the jury was called upon to consider in their deliberations, we must know the time consumed by the trial and then weigh this time element against the time that the jury deliberated prior to their discharge." See Lindsey v. State, supra, 393 S.W.2d at p. 908.

The record from the first trial shows that the State's case consisted of circumstantial evidence presented by two witnesses. The presentation of this case required about one hour and eight minutes. Appellant presented no evidence at the trial.

The jury retired to begin their deliberation at 5:08 p. m., and at 6:40 p. m. sent a note to the court indicating that they were unable to reach a decision. They were then brought into the courtroom and instructed, shortly after 7:00 p. m., in the following terms:

> "You should endeavor to reach a verdict if at all possible, and the law provides that the jury shall be kept together for such a time as to render it altogether improbable that it can agree."

Thereafter, the jury resumed its deliberation and at 8:03 p. m. again informed the court that they could not agree.

The court then informed the appellant that in the court's opinion the jury was hopelessly deadlocked, and inquired whether appellant would consent to their discharge. He refused. The court then brought the jury in and inquired of ten of

them if it was their position that they were ". . . hopelessly deadlocked and could not arrive at a verdict." Each juror questioned answered in the affirmative, and nine stated that further deliberation would not enable them to reach a verdict. The jury was then discharged.

In view of the fact that the jury deliberated three times as long as was required to present the evidence, and in view of the evidence itself, we have concluded that although the trial judge probably should have made a more complete and detailed inquiry of the jurors, he did not abuse his discretion in discharging them when he did. See Strickland v. State, 169 Tex.Cr.R. 633, 336 S.W.2d 185 (1960) and Miller v. State, 167 Tex.Cr.R. 561, 322 S. W.2d 289 (1959).

The judgment is affirmed.