Marvin Daniel HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 61364.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 16, 1980.

Rehearing Denied March 5, 1980.

Charles W. Tessmer, Bentley C. Kelly, III, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Sue Lagarde and Paul Macaluso, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., ODOM and DALLY, JJ., and KEITH, Commissioner.

## OPINION

QUENTIN KEITH, Commissioner.

The appeal is from a sentence to serve ten (10) years in the Texas Department of Corrections in accordance with a jury verdict after his plea of guilty to an indictment charging aggravated robbery. Appellant was also indicted for two other aggravated robberies and the three cases were consolidated for trial. The cases were first tried before a jury on March 27–29, 1978 upon appellant's guilty pleas. A mistrial resulted when the jury was unable to agree on punishment. The cases were again tried before a jury on June 12–15, 1978 upon appellant's pleas of guilty. The jury assessed punishment at five (5) years, probated, in two of the causes. In the instant cause, punishment was assessed at ten (10) years' imprisonment with no recommendation as to probation. Notice of appeal was given only in the instant case.

The principal issue involved upon the appeal is appellant's plea of former jeopardy. On March 27, 1978, appellant went to trial in the three consolidated cases; and, according to our record, the testimony was introduced in two hours and eight minutes. The jury deliberated two hours in the afternoon of March 28 before being excused for the night. They returned the next morning and resumed their deliberations. They recessed for one hour for lunch and after an hour more deliberating, reported that they were hopelessly deadlocked and could not

reach a verdict.[1] The trial court found as a fact that the deliberation had gone on for six hours over a two-day period.

The testimony before the jury, according to appellant, was "approximately the same, both in substance and duration: upon each trial". At the first trial, the State presented the three convenience store clerks who had been robbed at gunpoint by appellant and his accomplices, and two police officers. The appellant testified at each trial and called his wife, his mother, and his step-father. All of the defensive testimony was designed to secure probated sentences in each case.

After the first note had been received, the trial judge interrogated the jury and learned that they were deadlocked, nine to three. He then permitted them to separate for the night and ordered a resumption of deliberations the next day. It was after the second note was received during the afternoon of the second day of jury deliberation that the judge declared a mistrial. The jury was discharged approximately twenty hours after they had first reported their inability to reach a verdict.

The order for mistrial was granted over the objection of the defendant and after the trial court had refused to give a supplemental charge which embodied some of the elements of the so-called "Allen Charge".

■ The first three grounds of error challenge the action of the court in overruling his plea of former jeopardy. The first ground contends, in general terms, that the trial court abused its discretion in discharging the jury in the first trial. We disagree. The rule is that the exercise of discretion in declaring a mistrial because of a hung jury is tested by the length of time the jury deliberated, considering the nature of the case and the evidence. *Beeman v. State*, 533 S.W.2d 799, 800 (Tex.Cr.App.1976);

*O'Brien v. State*, 455 S.W.2d 283, 285 (Tex. Cr.App.1970). The issue before the jury was straightforward—appellant had admitted his guilt; the State sought his confinement in prison; appellant sought probation; and, the jury was unable to agree on punishment.

Following the rule enunciated in *Satterwhite v. State*, 505 S.W.2d 870, 872 (Tex.Cr. App.1974), we do not find an abuse of discretion in discharging the jury. There, as here, the jury had deliberated three times as long as it had taken them to hear the evidence. Ground one is overruled.

■ In his second ground, appellant contends that the trial court erred in overruling his third motion for continuance. It is shown that the first trial ended in the discharge of the jury on March 29, 1978; that on May 8, 1978, appellant filed his plea of former jeopardy and the trial court granted appellant's motion for production of a statement of facts. Despite appellant's diligence in attempting to procure the statement of the facts adduced at the first trial, it had not been completed when the case was reached for trial on June 12, 1978. Appellant's motion for continuance sought a delay of the trial until the court reporter could finish the typing of the record of the first trial. The motion was overruled and appellant was forced to trial without the transcribed record.

We concede that appellant was diligent in attempting to procure the statement of facts. Cf. *McCarter v. State*, 527 S.W.2d 296, 301 (Tex.Cr.App.1975). But, under the record which we review, the refusal of the continuance was not reversible error. Appellant concedes that the same witnesses testified at both trials and that the *substance* of their testimony was the same on each trial. Thus, we are advised, by a review of the record in the present case before us, the elements whereby we test the

---

1. Several notes from the jury to the trial judge were admitted on the plea of former jeopardy. Notes three and four (Exhibits 14 and 15) read in part, respectively: " . . . the jury is unable to reach a decision, and there seems to be no compromise . . . ." and " . . . the jury can reach no unanimous decision. We are at a stalemate. . . . "

exercise of the judicial discretion. By looking at the present record, under the concession of counsel, we may determine the nature and complexity of the case, the amount of testimony, the time consumed by the trial, and weigh these factors against the time the jury deliberated.

We could do no more if we had a lengthy statement of facts before us. Co-counsel for appellant testified in considerable detail as to the evidence received in the first trial. While there is language in *Satterwhite v. State,* supra, that a statement of facts "is necessary . . . in situations such as this"—a plea of double jeopardy—the authority relied upon by the court does not support the broad conclusions so expressed.

In *Lindsey v. State,* 393 S.W.2d 906, 908 (Tex.Cr.App.1965), the only authority cited in *Satterwhite,* supra, the holding is expressed in this language:

"In passing upon this question in the light of the rule laid down in the *Green* case [*Green v. State,* 167 Tex.Cr.R. 330, 320 S.W.2d 139], it necessarily behooves this Court to look to the nature of the case, the amount of evidence adduced and considered by the jury in making a determination as to an abuse of discretion. In other words, before we can say that the jury was prematurely discharged by the trial court, we must necessarily know some of the facts to indicate the amount and length of testimony the jury was called upon to consider in their deliberations, we must know the time consumed by the trial and then weigh this time element against the time that the jury deliberated prior to their discharge."

Moreover, as mentioned in *Lindsey,* we have a complete statement of facts "on the merits", and have sufficient information to pass upon the complaint of abuse of discretion under the applicable authorities. We do not find reversible error to have been shown. After all, we should not forget that appellant used a gun in robbing three different store clerks upon three separate days—admitted his guilt and sought to escape confinement for his crimes. Ground two is overruled.

Appellant's third ground of error, quoted in the margin,[2] asserts that he is entitled to a reversal of *this case* because the trial court refused to submit his requested supplemental instruction before discharging the jury upon the first trial. Counsel asserts that such charge complies with the suggested instructions for deadlocked juries drafted by the American Bar Association, promulgated as "Standards Relating to Trial by Jury", § 5.4.[3]

We will not consider this ground of error as a reason for reversal of the judgment in this case. Rather, we will treat it solely as an additional fact in passing upon the exercise of the judicial discretion. We do not find it to be either appropriate or necessary for us to determine, *in this case,* whether Texas should use the suggested charge formulated under ABA standards.

Under the statute governing the discharge of the jury when it fails to agree, Tex.Code Crim.Proc. Ann. art. 36.31 (1966), and under the authoritative cases of this Court construing such act, reversible error has not been shown in this case. Ground three is overruled.

▋ Finally, appellant contends that the trial court erred in refusing to give his requested charge concerning the law governing revocation of probation. We have examined the charge on probation and find that it follows the language of Tex.Code Crim.Proc. Ann. art. 42.12, Sec. 6 (1979).

---

**2.** "The trial court erred by refusing to submit the appellant's requested supplemental jury charge to the jury."

**3.** The suggested instruction is lengthy, but it is set out in detail in *Stevens v. Travelers Insurance Co.,* 563 S.W.2d 223, 227, fn. 3 (Tex.1978).

See also, Comments "Instructing Deadlocked Juries: The Present Status of the *Allen* Charge", 3 Tex.Tech.L.Rev. 313 (1972); Comment, " '*Allen*' Charge", 9 *Hous.L.Rev.* 570 (1972).

But, appellant contends in his argument that "the jury was not made aware of the 'whole story of probation.'"

Understandably, appellant cites no authority for the position now espoused and our research has not disclosed a similar contention having been presented to the Court. The simple answer to appellant's present argument is that it was of no concern of the jury what might happen to appellant should he violate the terms of his probation after it had been granted by the jury. That was a matter for the trial court to determine after such violation had been charged and established in a separate hearing. Art. 42.12, Sec. 8(a), Tex.Code Crim. Proc. Ann. (1979). Ground four is overruled.

Having found no reversible error, the judgment of the trial court is affirmed.