Timothy GALVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–162–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1993.

Rehearing Overruled Jan. 13, 1994.

---

Douglas Tinker, Tinker & Muschenheim, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty's. Office, Patrick L. Flanigan, Asst. Dist. Atty., Sinton, for appellee.

Before SEERDEN, C.J., and DORSEY and YANEZ, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from the trial court's denial of a writ of habeas corpus based on the special plea of double jeopardy. Appellant had been earlier tried for the same crime, but the jury was discharged before it reached a verdict. Appellant seeks to prevent re-trial by the writ. He alleges that the trial court abused its discretion by prematurely discharging the jury prior to verdict and declaring a mistrial. Appellant claims the jury should not have been discharged, that jeopardy had attached, and that a second trial would again place him in jeopardy for the same crime. We affirm the trial court's action in denying the writ.

The record before us is not substantial. We have a statement of facts from the hearing on the application for writ of habeas corpus. It consists primarily of the explanation of counsel to the court, a different judge than the one who tried the case, as to what the motion was about and a request that the court take judicial notice of the docket sheet that accurately reflects the length of the trial, jury deliberations, and jury notes.

The transcript contains the docket sheet, various pretrial motions, the jury's notes, the court's responses to those notes, and the charge. The statement of facts from the first trial was not placed into evidence at the habeas corpus hearing.

Appellant was charged with burglary of a habitation and sexual assault. The docket sheet reflects the jury was chosen on Monday, February 17, 1992; and testimony began the next morning and continued through Thursday, February 20. The jury took the case for deliberations at 11:23 a.m. on Friday, the 21st, and was discharged as deadlocked at 5:30 p.m. The trial itself took three and one half days, and the jury had the case for deliberations about six hours. The jury sent the court a series of notes during deliberations.

There are five jury notes: the first at 12:42 p.m. asked if the jurors could order lunch, and added, "[w]e are not in agreement and need more time". The response notation from the court is to take orders for lunch. The second note at 2:25 p.m. read, "the jury is deadlocked." The court sent a note back, "Please continue to deliberate." At 3:16 p.m. the jury sent another note, "After further deliberation, the vote is 10 to 2. No one has changed their position." The court responded, "Please continue to deliberate longer." At 4:22 p.m. the foreman sent a note, "May some of the jurors call their homes and tell their families that they will be late coming home?" The court answered, "Please continue to deliberate." The final note from the jury at 5:26 p.m. read, "After much deliberation the vote has not changed. We are un-

able to come to a unanimous decision." The court discharged the jury at 5:30 p.m.

The court may discharge a hung jury under two circumstances: when the jury cannot agree and the parties consent to the jury's discharge; or when the jury cannot agree and the parties do not consent but the jury has "been kept together for such time as to render it *altogether improbable* that it can agree." TEX.CODE CRIM.PROC.ANN. art. 36.31 (Vernon 1981) (emphasis added); *Muniz v. State,* 573 S.W.2d 792, 794 (Tex.Crim.App. 1978). The discharge of the jury with the parties's consent is not involved here; only whether it was "altogether improbable" that the jury could agree on a verdict. It is within the trial court's discretion to determine when a jury has been together for so long that it is "altogether improbable" that it can agree. The court's exercise of discretion in discharging the jury under these circumstances is measured by the length of time the jury deliberated in light of the nature of the case and of the evidence. *Patterson v. State,* 598 S.W.2d 265, 268 (Tex.Crim.App.1980); *Satterwhite v. State,* 505 S.W.2d 870, 871–72 (Tex.Crim.App.1974). The judge trying the case has such discretion because he knows the amount and difficulty of the evidence, both testimonial and documentary, that the jury must weigh.

At the hearing on the application for a writ of habeas corpus, the judge reviews the trial court's earlier decision to discharge the jury by determining whether the earlier judge abused his discretion in so doing. *See Woodson v. State,* 777 S.W.2d 525, 527 (Tex.App.—Corpus Christi 1989, pet. ref'd). We have jurisdiction to review the decision of the trial court in denying habeas corpus relief. TEX.R.APP.P. 44(a). We review the record, as it existed before the trial court at the habeas hearing, to determine whether the trial court erred in failing to grant relief. *State v. Torres,* 780 S.W.2d 513, 514 & 72 (Tex.App.—Corpus Christi 1989), *aff'd,* 805 S.W.2d 418, 421 (Tex.Crim.App. 1991) (en banc). We are limited to the evidence that the court had before it in deciding whether to grant the application.

The docket sheet reflects that the evidence phase of trial lasted between two and a half and three days. Jury deliberations began at 11:23 a.m. and lasted until 5:30 p.m. on the third day after which the court declared a mistrial. The record does not reflect the nature of the evidence, the number of witnesses who testified, the number or type of exhibits. The charge consisted of five questions.

The test for a judge's discretion in determining if it is altogether improbable that the jury will reach a verdict is the length of time the jury deliberated in light of the evidence and the nature of the case. *Patterson,* 598 S.W.2d at 268; *Satterwhite,* 505 S.W.2d at 871–72. The "evidence and nature of the case" means what the case was about, the type and complexity of the evidence, whether expert testimony is involved, the number of witnesses, the number of exhibits and whether any exhibits are documentary, the complexity of the charge, whether the jury had moved towards agreement during the period of deliberation, and the nature and extent of communication from the jury. *See Beeman v. State,* 533 S.W.2d 799, 801–02 (Tex.Crim. App.1976) (abuse of discretion to discharge jury when jury had moved from 6–6 division to 10–2).

Merely comparing the length of trial with the length of deliberations is not determinative. For instance, when the trial involves conflicting scientific evidence accompanied with reports and treatises, the jury must be given time during deliberations to read, weigh, and discuss the relevant portions. After the presiding juror has announced a deadlock, a polling of the jurors as to their personal belief as to whether further deliberations would be helpful and a dialogue between the court and jurors is sometimes used by the trial judge to determine if an impasse has been reached. *See Patterson,* 598 S.W.2d at 268; *Satterwhite,* 505 S.W.2d at 871–72.

Here we have no evidence (nor had the judge below) of the complexity of the case, the evidence the jury had to study and digest, or any indication by any member of the jury that further deliberations would have been helpful. Accordingly, we cannot say

the trial judge abused his discretion in discharging the jury and declaring a mistrial.

Appellant filed a motion to supplement the record to include a statement of facts from the first trial. We decline to grant his motion because the material was not presented to the court below as part of the hearing on the application for writ of habeas corpus.[1]

We overrule appellant's single point of error and AFFIRM.

---

1. *Shaffer v. State,* 477 S.W.2d at 873, 875 (Tex. Crim.App.1971) ("the statement of facts of the prior case which was filed after the trial ... was not properly before the trial court."); *see Berrios–Torres,* 802 S.W.2d 91, 95–96 (Tex.App.— Austin 1990, no pet.).