**Johnathan GOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–365–CR.**

Court of Appeals of Texas, Corpus Christi.

April 30, 1997.

Michael A. Kolpack, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Johnathan Goss was tried and found guilty of aggravated kidnapping,[1] a first degree felony. However, a mistrial was declared on Goss's motion during the punishment phase. Prior to being tried again, he sought a writ of habeas corpus, claiming that double jeopardy bars his retrial, because the mistrial was caused by the deliberate or reckless acts of the prosecutor. The trial court denied habeas corpus relief, from which decision this appeal was taken. We affirm.

During the punishment phase of the trial the State called two witnesses, Daniel Hernandez and Miguel Villegas, to testify regarding an extraneous offense committed by appellant. These witnesses' names did not appear on the State's witness list. After they testified, one of the jurors informed the court he was close personal friends with Hernandez and Villegas, and his relationship with the two would prevent him from fairly evaluating the evidence in the case. The defense sought and obtained a mistrial, and the case was reset for a new trial. Appellant filed an application for writ of habeas corpus, arguing that the State had intentionally or recklessly failed to reveal the names of the

---

1. Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3615, *amended by* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 4, 1995 Tex. Gen. Laws 2735, 2735–36 (current version at TEX. PENAL CODE ANN. § 20.04 (Vernon Supp.1997)).

witnesses for the State, so the jurors could be questioned during voir dire about whether they knew any of the witnesses. By failing to reveal the names of all their witnesses, appellant argues, the State prevented him from eliminating jurors who knew the witnesses and thereby forced him to seek a mistrial when the juror stepped forward.

We have jurisdiction to review the decision of the trial court in denying habeas corpus relief. TEX.R.APP. P. 44(a). We review the record, as it existed before the trial court at the habeas hearing, to determine whether the trial court erred in failing to grant relief. *Galvan v. State,* 869 S.W.2d 526, 528 (Tex.App.—Corpus Christi 1993, pet. ref'd). We are limited to the evidence the court had before it in deciding whether to grant the application. *Id.* We view the evidence in the light most favorable to the trial court's ruling, and only reverse if the trial court's ruling was clearly erroneous. *Ex parte May,* 852 S.W.2d 3, 5 (Tex.App.—Dallas 1993, pet. ref'd) (citing *Whitsey v. State,* 796 S.W.2d 707, 721 (Tex.Crim.App.1989) (op. on reh'g)).

In general, when a mistrial is declared at the defendant's request, subsequent prosecution for the same offense is not jeopardy barred. *United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978); *Crawford v. State,* 703 S.W.2d 655, 662 (Tex.Crim.App.1986). However, the United States Supreme Court and the Texas Court of Criminal Appeals have carved out a narrow exception to this rule. Under the United States Constitution, a successive prosecution for the same offense is jeopardy barred when the prosecution deliberately sets out to provoke the defendant's motion for mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 675–76, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). The Texas Court of Criminal Appeals expanded this rule slightly when it ruled that, under the Texas Constitution,[2] double jeopardy bars a second prosecution when the prosecutor was "aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request." *Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App.1996). In any case, however, the prosecutor must be aware his conduct creates at least a risk that a mistrial will be required. *See id.* In other words, negligent conduct on the part of the prosecutor will not trigger double jeopardy protection in this context. *See id.*

In the present case, appellant argues that the prosecutor had the duty to reveal the names of all of the State's witnesses during voir dire so the attorneys could determine whether any prospective jurors knew any of the witnesses. By failing to reveal the names of all of the State's witnesses, appellant argues, the prosecution "created a risk that [appellant] would be required to request a mistrial if it were discovered during the trial that a testifying witness bore some special relationship to one or more of the jurors that would prevent one or more jurors from being fair and impartial to the defendant." Appellant further argues that the prosecutor was aware of this risk and consciously disregarded it, triggering the double jeopardy protection outlined in *Bauder.*

We disagree with appellant's analysis. Under the narrow exception outlined in *Bauder,* the prosecutor must at least be aware of the risk that his improper conduct will prompt a motion for mistrial by the defendant. *Id.* Viewing the evidence in the record in the light most favorable to the trial court's ruling, it does not appear the prosecutor was aware the juror knew the witnesses who testified during the punishment phase of the trial. Nothing in the record indicates the prosecutor was aware of the relationship between the juror and the witnesses, or that the juror would be unable to judge the witnesses' testimony fairly. Although the witnesses were not named on the State's subpoena list, and the trial court had ruled the defense could rely on that list, nothing in the record indicates the State intentionally concealed a known relationship between the juror and the witnesses who testified during

---

2. "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14.

the punishment phase of the trial, or that the prosecutor was aware of the risk a mistrial would be declared. Viewing the evidence in the light most favorable to the trial court's ruling, we cannot say we are left with a definite and firm conviction that the trial court erred in denying appellant's petition for writ of habeas corpus. Appellant's point of error is overruled, and the trial court's denial of the writ is AFFIRMED.