NUMBER 13-99-594-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


THE STATE OF TEXAS
, Appellant,


v.



GERARDO P. CABRERA
, Appellee.

___________________________________________________________________


On appeal from the 275th District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, the State of Texas, appeals from the trial court's
granting of habeas corpus relief. By two points of error, the State
contends the trial court erred (1) in concluding the prosecutor was
reckless in causing a mistrial, and (2) by following the recklessness
prosecutorial misconduct standard in Bauder v. State, 921 S.W.2d 696
(Tex. Crim. App. 1996), rather than the federal intentional standard. We
affirm.

 Appellee, Gerardo P. Cabrera, was charged with five counts of
aggravated sexual assault of a child.(1) During its opening statement at
trial, the State indicated the jury would hear from a child protective
services case worker that her investigation "validated" that sexual
abuse occurred. The case worker and a second witness then testified
as to their opinions regarding the truthfulness of the child victim. The
trial court granted a mistrial based on the prejudicial cumulative effect
of the reference to validation that the abuse occurred and the testimony
of the two witnesses. Appellee then filed, and the trial court granted,
his application and petition for writ of habeas corpus wherein appellee
contended further prosecution was jeopardy barred under the Texas
and United States Constitutions.

 In a habeas corpus hearing, the burden of proof is on the
petitioner. See Ex parte Zavala, 900 S.W.2d 867, 870 (Tex. App.--Corpus Christi 1995, no pet.) (citing Ex parte Plumb, 595 S.W.2d 544,
545 (Tex. Crim. App.1980)). In reviewing the decision of the trial court,
we review the facts in the light most favorable to the ruling and will
uphold it absent an abuse of discretion. See Zavala, 900 S.W.2d at 870
(citing Galvan v. State, 869 S.W.2d 526, 528 (Tex. App.--Corpus Christi
1993, pet. ref'd)). Additionally, a mistrial is an extreme remedy
appropriate only when the objectionable events are so emotionally
inflammatory that curative instructions are not likely to prevent the jury
from being unfairly prejudiced against the defendant. See Cano v.
State, 3 S.W.3d 99, 109 (Tex. App.--Corpus Christi 1999, pet. ref'd)
(citing Bauder, 921 S.W.2d at 698). The law favors that the trial
continue, if possible. See id. Grant or denial of a motion for mistrial is
also reviewed under an abuse of discretion standard. See Cano, 3
S.W.3d at 109.

 Under the Texas Constitution, a successive prosecution is jeopardy
barred after declaration of a mistrial at the defendant's request, not only
when the objectionable conduct of the State was intended to induce a
motion for mistrial, but also when the State was aware of, but
consciously disregarded, the risk that an objectionable event for which
it was responsible would require a mistrial at the defendant's request. 
See Bauder, 921 S.W.2d at 699; see also Tex. Const., art. I, § 14.

 If the circumstances prompting the mistrial were attributable
to a prosecutor's using "manifestly improper methods . . .
deliberately or recklessly" which "render trial before the jury
unfair to such a degree that no judicial admonishment can
cure it, an ensuing motion for mistrial by the defendant
cannot fairly be described as the result of his free election."


Ex parte Bauder, 974 S.W.2d 729, 732 (Tex. Crim. App. 1998) (quoting
Bauder, 921 S.W.2d at 700); see State v. Lee, 2000 Tex. Crim. App.
LEXIS 44, *8 (April 12, 2000) (discussion on when prosecutor's acts are
intentional or reckless) (citing Bauder, 921 S.W.2d at 699).

 Further, while we are not bound by the trial court's findings or
conclusions, we should follow them where they are supported by the
record. See Ex parte Minott, 972 S.W.2d 760, 761 (Tex. Crim. App.
1998) (citation omitted); Ex parte Adams, 768 S.W.2d 281, 288 (Tex.
Crim. App. 1989). See also Guzman v. State, 955 S.W.2d 85, 87-89
(Tex. Crim. App. 1997) (as general rule, appellate courts should afford
almost total deference to trial court's determination of historical facts
supported by record especially when fact findings are based on
evaluation of credibility and demeanor, and to trial courts' rulings on
"application of law to fact questions," also known as "mixed questions
of law and fact," if resolution of those ultimate questions turns on
evaluation of credibility and demeanor).

 By its first point of error, the State contends the trial court erred in
finding the prosecutor was reckless in causing a mistrial. The State
argues that the trial court erred in factoring the event occurring during
opening statement and the second event during the testimony of the
case worker into a cumulative equation which resulted in a finding that
the State used manifestly unjust methods. Further, the State argues it
cannot be faulted for the third event that occurred when a witness, who
had been privately admonished against rendering an opinion as to the
truthfulness of the child victim, did so anyway. We disagree.

 The conduct about which appellant complains includes the State's
comment during its opening statement that a witness would validate
the sexual abuse,(2) and its questions that elicited direct opinions from
two witnesses, regarding the truthfulness of the child victim. First,
during its opening statement to the jury, the State commented, "You
will hear from a case worker from child protective services that . . . will
tell you she in her investigation validated that sexual abuse did occur.
. . ." The trail court sustained appellee's objection to this statement,
instructed the jury to disregard it, but denied appellee's request for a
mistrial. Further, the record reveals that before testimony began the
trial court heard motions in limine. Appellee requested that any
reference or testimony from any witness as to their opinion as to the
truth as to the testimony of the child victim in this case be prohibited. 
The trial court specifically noted this prohibition, and, without objection,
granted it. 

 Second, during its case in chief, the State called Elsa Reyna, a
child protective services worker. She testified as follows:

 Q (State): As a result of your talking with [the alleged
victim] about these allegations, what impressions
did you have about [the alleged victim], what
thoughts?


 A (Reyna): My impressions of [the alleged victim] was [sic]
that this child was telling me the truth,
consistent.


Appellee objected to the response provided by Reyna. The trial court
sustained the objection, instructed the jury to disregard any opinions by
the witness, but denied appellee's request for a mistrial. After the jury
left for the day, the trial court discussed with counsel the issue of
asking questions that would invite opinions as to the credibility of a
witness. The prosecutor explained he was asking the witness the
result of her investigation. Nonetheless, the court concluded it was
clear "the prosecutor asked a question that would invite Elsa Reyna to
give an opinion as to the credibility of a witness. . . ." The trial court
again denied appellee's motion for mistrial, but stated it would revisit
the issue later, if necessary.

 Finally, the State called Dr. Ivan Melendez. At the request of the
State, the trial court conducted a hearing outside the jury's presence in
which Dr. Melendez was cautioned not to render opinions on credibility
of the child witness he had examined. Notwithstanding the
admonishment, the State asked the following question and Dr.
Melendez responded:

 Q (State): Okay, Now, if you put all of these factors
together that you just described to the jury,
without testifying as to your specific opinion
as to the truthfulness of any witness, what
does all that tell you as a practitioner?


 A (Melendez): Well, the way that the patient presented
herself, her general demeanor, coupled --
which I found to be consistent, coupled
with a physical examination which in itself
was not specific for the question asked, but
when coupled with the history and the
findings not typical for a twelve year old, at
the time of my exam, I believed the patient.


The trial court sustained appellee's objection, instructed the jury to
disregard the opinion, and again denied appellee's motion for mistrial. 
However, after the jury was excused for a recess, the trial court
revisited the matter and granted a mistrial. The trial court entered
extensive findings of fact and conclusions of law.

 The law is clear that the evidence regarding the truthfulness of the
child victim is inadmissible. See Tex. R. Evid. 702 (expert witness may
testify if her scientific, technical, or other specialized knowledge will
assist jury in determining fact issue); Tex. R. Evid. 702 (expert witness's
testimony must aid the jury and not supplant its determination); Schutz
v. State, 957 S.W.2d 52, 59 (Tex. Crim. App.1997) (expert witness
testimony concerning child sexual abuse does not aid jury when it
constitutes a direct opinion on child victim's truthfulness and, in
essence, decides an ultimate fact issue for jury). Cf. State v. Lee, 2000
Tex. Crim. App. LEXIS at *9, *12 (because law is unsettled regarding
pre-arrest and pre-Miranda silence, prosecutor's comments on
defendant's pre-arrest silence could not rise to level of "deliberate or
reckless" misconduct, and may not even have been erroneous). 

 Following the court of criminal appeals' guidance in Lee, we
therefore first conclude that because the law is settled in this area in
that evidence regarding the truthfulness of the child victim is
inadmissible, the State's conduct in commenting on or eliciting such
testimony was improper. We must next determine whether the State
intended to induce a motion for mistrial or was aware of, but
consciously disregarded, the risk that its improper conduct would
prompt a motion for mistrial by the defendant. See Bauder, 921 S.W.2d
at 699.

 Appellee objected when, during its opening statement, the State
promised to produce a caseworker who would "validate" the child's
claims. The trial court further instructed the State not to interject
anything to support the child's alleged truthfulness. Additionally, the
trial court and counsel discussed and then granted appellee's motion in
limine including his requested prohibition against opinions as to the
truthfulness of the child victim. Nonetheless, on two occasions during
its case in chief, the State asked questions that elicited such testimony. 
The State's open-ended question asked Reyna to provide an impression
and was an invitation for her to give an opinion as to the credibility of
the child witness. The prosecutor acknowledged he could have asked
a narrower question. Further, although admonished by the trial court
and cautioned by the State not to give an opinion as to the truthfulness
of any witness, Dr. Melendez responded to the prosecutor's open-ended
question by testifying that he believed the patient. After appellee
challenged the State's opening statement, and after the court discussed
with counsel the prohibition against opinion testimony regarding the
truthfulness of the child victim in this case, the State asked two
witnesses open -ended questions about their impressions or opinions
regarding the child. Testimony regarding opinions related to the
truthfulness of the child victim was elicited. 

 Concluding the record supports the trial court's findings of fact and
conclusions of law, and viewing the evidence in the record in the light
most favorable to the trial court's ruling, the State was aware of, but
consciously disregarded, a risk that the objectionable events could
require a mistrial if requested by appellee. While a mistrial is an
extreme remedy, the trial court's curative instructions, in this case, were
not likely to prevent the jury from being unfairly prejudiced against the
defendant. The complained of instances gave the harmful impression
that the child victim was telling the truth. We conclude, therefore, that
the cumulative effect of the references to the truthfulness of the child
victim caused the degree of incurable prejudice that would justify a
mistrial, and conclude the trial court did not abuse its discretion in
granting a mistrial. Additionally, we conclude the trial court did not
abuse its discretion in holding double jeopardy barred a retrial of this
case because of prosecutorial misconduct. The State's first point of
error is overruled.

 By its second point, the State contends the trial court erred in
following the recklessness standard set out in Bauder, and should have,
instead, followed the federal intentional standard of Oregon v. Kennedy,
456 U.S. 667 (1982) (federal constitution double jeopardy clause bars
retrial only when mistrial results from intentional prosecutorial
misconduct). We disagree. Recently, in Lee v. State, the court of
criminal appeals had the opportunity to overrule Bauder, but chose not
to do so. See Lee, 2000 Tex. Crim. App. LEXIS 44, at *2 n.1. Therefore,
until, and unless, the court of criminal appeals reverses Bauder, it is
clearly the law in this state and should be followed. The State's second
point of error is overruled.

 Accordingly, the trial court's granting of the writ is AFFIRMED.


 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 29th day of June, 2000.


1. See Tex. Pen. Code § 22.021 (Vernon Supp. 2000).
2. We assume that a comment made by the prosecutor during
opening statement amounts to substantive evidence. See State v. Lee,
2000 Tex. Crim. App. LEXIS 44, *6 n.3 (April 12, 2000) (citing Griffin v.
California, 380 U.S. 609, 613 (1965) (Supreme Court considered
prosecutor's comments in closing arguments and trial court's
acquiescence in such comments, to amount to evidence)).