Opinion filed May 25, 2006












 
 
  
 
 







 
 
  
 
 




Opinion
filed May 25, 2006

 

 

 

 

 

 

                                                                        
In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00381-CR 

 

                                                    __________

 

                                      IN RE DANIEL RAY MORRIS

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-03-20161

 



 

                                                                   O
P I N I O N

 

Daniel Ray Morris filed an
application for a pretrial writ of habeas corpus asserting that former jeopardy
precludes the State from trying him a second time for indecency with a
child.  The trial court denied
relief.  We affirm.

Background Facts








Appellant was charged with
indecency with a child.  A jury was
empaneled and sworn.  The presentation of
evidence lasted approximately two days. 
The State offered evidence through four witnesses.  Appellant testified and also presented twelve
character witnesses.  The testimony
concluded a little before 4:30 p.m. on the second day.  Around 5:20 p.m., the jury sent a note to the
court stating that it was unable to reach an immediate decision and questioning
whether it should continue to deliberate or return in the morning.  The trial court told the jury to continue to
deliberate and that refreshments would be provided upon request.  Around 6:15 p.m., the jury communicated with
the court that there was a disagreement among the jurors regarding some of the
testimony.  The disputed testimony was
read back to the jury.  About two hours
later, the jury sent another note to the court stating that it was Aunable to come to a unanimous
decision.  Two votes have been taken and
yet no decision has been agreed upon.@  The trial court responded by calling the jury
into the courtroom and further instructing it. 
The further instruction provided that, if it was unable to reach a
unanimous verdict, another jury would have to be empaneled and determine the
same questions confronting this jury. 
The trial court instructed the jury: 
ADon=t do violence to your conscience, but
continue deliberating.@  The jury continued to deliberate for about
another hour.  Around 9:22 p.m., the
trial court sent a note to the jury asking for the numerical division of the
jury.  The jury returned with a note
stating that the split was eight to four. 
The trial court then sua sponte granted a mistrial over appellant=s objection under Tex. Code Crim. Proc. Ann. art. 36.31
(Vernon 1981) stating:

The court specifically finds this jury, having been together
after two days of testimony, a day and a half, a day and three-quarters of
testimony, and having been in deliberations continuously for five hours, that
this jury has been kept together for such time as to render it altogether
improbable that the jury will reach a verdict. 

 

 Appellant=s
case was set for a subsequent trial in October 2005.  A jury was empaneled and sworn.  Prior to the trial commencing, however, the
State moved for a mistrial based on juror misconduct.  The trial court granted a mistrial and again
set appellant=s trial
for November 2005.  Prior to the start of
the November trial, appellant filed a writ of habeas corpus in the trial court
complaining of the mistrial that was granted in the first trial.  In his writ, appellant asserts that a retrial
would violate his right not to be placed under double jeopardy pursuant to the
United States Constitution and the Texas Constitution.  The trial court denied the writ, and this
appeal followed. 

Issues on Appeal 








In his first issue, appellant
contends that the trial court abused its discretion under the Fifth Amendment
of the United States Constitution and Article I, section 14 of the Texas
Constitution in declaring a mistrial sua sponte because there was not a showing
of manifest necessity.  In his second
issue, appellant asserts that the trial court abused its discretion under Texas
law in declaring a mistrial sua sponte because it was not shown that it was
improbable that the jury would reach a verdict.

Standard of Review 

We will review the trial court=s ruling for an abuse of
discretion.  Ex parte Bruce, 112
S.W.3d 635 (Tex. App.CFort
Worth 2003, pet. dism=d,
untimely filed).  In reviewing the trial
court=s
decision, we view the evidence in the light most favorable to the ruling and
give great deference to the trial court=s
findings and conclusions.  Id. at
639.   A trial court abuses its
discretion when it acts irrationally or irresponsibly and without guiding legal
principles.  Id. at 640.  We will not substitute the conclusion we may
have reached for that of the trial court=s
conclusion.  Dubose v. State, 915
S.W.2d 493 (Tex. Crim. App. 1996).     

Constitutional Arguments








The Fifth Amendment to the United
States Constitution and Article I, section 14 of the Texas Constitution
prohibit a State from twice putting a defendant in jeopardy for the same
offense.[1]  Alvarez v. State, 864 S.W.2d 64 (Tex.
Crim. App. 1993).  Jeopardy attaches once
a jury is impaneled and sworn.  Crist
v. Bretz, 437 U.S. 28, 35 (1978); Brown v. State, 907 S.W.2d 835
(Tex. Crim. App. 1995).  Generally, if
after jeopardy attaches and the jury is discharged without reaching a verdict,
double jeopardy will bar retrial.  Brown,
907 S.W.2d at 839.  An exception to this
general rule is if the defendant consents to a retrial or if some manifest
necessity exists for a judge to declare a mistrial.  Torres v. State, 614 S.W.2d 436, 441
(Tex. Crim. App. 1981).  A[T]he law has invested Courts of
justice with the authority to discharge a jury from giving any verdict,
whenever, in their opinion, taking all the circumstances into consideration,
there is a manifest necessity for the act, or the ends of public justice would
otherwise be defeated.@
United States v. Perez, 22 U.S. 579, 580 (1824).  Courts have found manifest necessity to
discharge a jury without the defendant=s
consent in cases where the jury is unable to arrive at a unanimous
verdict.  Brown, 907 S.W.2d at
839.  Before finding a manifest necessity
exists to grant a mistrial, the trial court must review alternative courses of
action and choose the one that best preserves the defendant=s right to have his trial completed
before a particular tribunal.  Id.  Factors that a court may consider in
determining whether manifest necessity exists to grant a mistrial include the
time the jury deliberates in relation to the 
length of the trial, the amount of evidence admitted, and the nature of
the case and the evidence admitted.  O=Brien v. State, 455 S.W.2d 283
(Tex. Crim. App. 1970); Johnson v. State, 137 S.W.3d 777 (Tex. App.CWaco 2004, pet. ref=d). 


Here, the trial lasted
approximately two days.  There were five
fact witnesses, including  the
defendant.  The other twelve witnesses
were character witnesses for the defendant. 
Appellant admitted to all the elements of the offense except for the
element of Athe
intent to arouse or satisfy his sexual desire.@  That left the jury with a single issue to
deliberate.  The jury deliberated for a
total of five hours.  The jury disagreed
on specific testimony and requested that the testimony be read back to it.  Even after hearing the disputed testimony
again, the jury was unable to reach a unanimous verdict.  Then, the trial court took the alternative
action of giving the jury further instructions and telling it to continue to
deliberate.  The jury was still unable to
agree on a verdict.

Viewing the evidence in the light
most favorable to the trial court=s
ruling, we hold that the trial court did not abuse its discretion in
discharging the jury and declaring a mistrial. We overrule appellant=s first issue. 

Texas Law

Article 36.31 provides that, after
a cause has been submitted to the jury, the jury may be discharged when it
cannot agree and both parties consent to its discharge and that the trial court
may discharge the jury when it has been kept together for such time as to
render it altogether improbable that it can agree.  It is within the trial court=s discretion to determine if a jury has
been together for so long that it is improbable that it will reach a
verdict.  Galvan v. State, 869
S.W.2d 526 (Tex. App.CCorpus
Christi 1993, pet. ref=d).  A trial court is in the best position to
determine if a jury would be able to reach a verdict because it knows the
amount of evidence and the difficulty of the evidence that the jury must
weigh.  Id. at 528.  A court must consider the length of time
the jury deliberated in light of the nature of the case and of the evidence
when making the decision of whether or not to discharge the jury.  Id.  
There is not a fixed length of time that a jury must deliberate before
it may be discharged for failure to agree. 
Ex parte Templin, 945 S.W.2d 254 (Tex. App.CSan Antonio 1997, pet. ref=d). 








 
This was a single-issue case without complicated scientific facts.  The testimony lasted two days and consisted
of only five fact witnesses including the defendant.  The jury deliberated for a total of five
hours.  The trial court told the jury to
continue to deliberate on two different occasions.  On the second occasion, the court gave the
jury further instructions.  It was still
unable to reach a unanimous verdict. 
Considering the nature of the case and the evidence before the jury, the
trial court did not abuse its discretion when it discharged the jury on the
basis that it was improbable  the jury
would reach a verdict.  Appellant=s second issue is overruled.

Consent

The State argues that appellant
consented to a retrial because he announced Aready@ in the second trial in October
2005.  Appellant did not complain of a
double jeopardy violation until prior to the start of the third trial in
November.  Because we find that the trial
court did not err in declaring a mistrial, we do not need to address whether or
not appellant consented to the retrial.  

Conclusion

The trial court did not abuse its
discretion in discharging the jury and declaring a mistrial.  We affirm the trial court=s judgment. 

 

 

RICK STRANGE

May 25, 2006                                                                          JUSTICE

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., and

McCall, J., and Strange











[1]The double jeopardy clause found in Article I, section
14 of the Texas Constitution does not provide broader protections than the
double jeopardy clause of the United States Constitution.  Ex parte Beeman, 946 S.W.2d 616 (Tex.
App.CFort Worth 1997, no pet.).  Accordingly, our analysis is the same under
both provisions.