# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00200-CV

**In re Edwin Baezotero**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Edwin Baezotero filed an application for writ of habeas corpus in the district court seeking to prevent a retrial on an indictment for indecency with a child. The trial court denied the relief and Baezotero filed a notice of appeal. Baezotero petitions for a writ of mandamus ordering the district court to stay criminal proceedings until this Court has ruled on his appeal of the denial of habeas corpus relief. Because the trial court did not rule on the merits of Baezotero's habeas corpus application, we are constrained to hold that we are without appellate jurisdiction. We deny both the writ of mandamus and the motion for an emergency stay of criminal proceedings in the case of *State v. Baezotero*, cause number D1-DC-05-500314, in the 403rd District Court of Travis County.

Baezotero was indicted for indecency with a child and pleaded not guilty. A trial by jury began on March 16, 2007. After approximately 7.5 hours of jury deliberation over a span of two days, the trial court, after giving an *Allen* charge, sua sponte declared a mistrial due to a hung jury over Baezotero's objection.

Baezotero filed an application for writ of habeas corpus on March 27, 2007, which the trial court denied on April 12, 2007. Baezotero appealed this decision on the same day. Baezotero's retrial is set to begin on Monday, April 16, 2007.

Baezotero asserts that a retrial would violate his double jeopardy protections under the Fifth Amendment of the U.S. Constitution. He claims that after the mistrial, it was brought to the attention of counsel that the jurors had been progressing toward unanimity in a decision and that as a result, it would be reasonable to conclude that a final verdict could have been reached if the jury was given more time. Baezotero also asserts that the trial court had indicated that the second *Allen* charge would be more persuasive than the first, but that a second charge was never given to the jury. Baezotero contends that he was unjustly harmed by the trial court's failure to give the second and more persuasive *Allen* charge and sua sponte declaration of a mistrial over his objection.

In order for a denial of an application for the writ of habeas corpus to be an appealable order, the trial court must have reached the merits of the writ in refusing habeas corpus. *In re Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet ref'd). A transcript of the hearing on the application for habeas corpus, provided to us by the State, reveals the following discussion:

MR. PARKS:[1]   We filed a writ of habeas corpus. This is a case that had been previously tried. The jury hung up, and I think Judge Bender came in in place of Judge Leonard who had to leave and declared a mistrial over the Defense objection. So we filed a writ of habeas corpus, Judge, based on the form of jeopardy issue and request that the Court rule on it.

---

[1] Mr. Parks represented Baezotero.

2

THE COURT:        How far did the trial get?

MS. MCGEE:[2]     I'm sorry, how did far did the trial get?

THE COURT:        Yes, before the mistrial was declared.

MS. MCGEE:        As far as—

MR. PARKS:        Oh, it was a hung jury mistrial, Judge.

THE COURT:        Oh, okay.

MS. MCGEE:        Yes.  Also, Judge just on the record—I wanted it to be on the record that, based on discussions with the jury in the back, that they were nine for guilty and three for not guilty and were unable to come to a decision.  And the note should still be in the file—

MR. PARKS:        That's correct.

MS. MCGEE:        —in the Court's file.

THE COURT:        I'm going to deny the writ at this time.

Based on this hearing transcript, it does not appear that the trial court ruled on the merits of Baezotero's habeas corpus application.  As a result, there is nothing for this Court to review on appeal.   We cannot rule on his double jeopardy claim in the absence of an appealable order.  *See Ex parte Miller*, 931 S.W.2d 724, 725-26 (Tex. App.—Austin 1996, no pet.).  In order for this Court to have jurisdiction over the double jeopardy claim, Baezotero would need to present his habeas corpus application again to the trial court judge or to another district judge having jurisdiction and obtain a ruling on the merits.

---

[2] Ms. McGee represented the State.

In order to show that there has been a ruling on the merits of the habeas corpus application, Baezotero will need to establish a record that the district court judge considered more than the mere fact of a prior mistrial. A trial court judge has discretion to declare a mistrial over a defendant's objections when it concludes that it is altogether improbable that the jury could agree. *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd). "The court's exercise of discretion in discharging the jury under these circumstances is measured by the length of time the jury deliberated in light of the nature of the case and of the evidence." *Id*. These types of factors should be considered in any ruling on the merits of Baezotero's habeas corpus application.

We deny the writ of mandamus and the motion for an emergency stay of criminal proceedings in the trial court without prejudice to allow Baezotero to present his habeas corpus application again to the trial court judge or to another district judge to be reviewed on the merits.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Filed: April 13, 2007

Do Not Publish

4