

**NUMBER 13-11-00726-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JAIME CONSTANTE,                                         Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

---

### On appeal from the 197th District Court
### of Willacy County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Jaime Constante appeals his conviction for aggravated assault with a deadly weapon (Count 1) and aggravated assault (Count 2), first-degree felonies. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011). A jury found appellant guilty, and the trial court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice, Institutional Division, for each count, ordering the sentences to run

concurrently.   By one issue, appellant contends the trial court erred in coercing the jury to a guilty verdict by improperly polling the jury during its deliberations.   We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

Appellant was indicted for two counts of aggravated assault with a deadly weapon, which arose from appellant's alleged use of a cane to strike two individuals during an altercation.   The State and appellant submitted contradictory testimony.   After the jury deliberated for about four hours, it wrote the trial judge, asking, "What if we can't agree on one count?"   The trial court responded by sending the jury an *Allen* charge,[2] to which appellant objected.[3]   Less than one hour later, the jury again wrote the judge, stating, "We have agreed on [Count 1]—but we cannot come to an agreement on [Count 2]—we want to be re-assured that if we cannot agree on that case—only that count will be declared a mistrial.   [N]ot [Count 1]."   Over objection, the trial court replied in writing, "If you ultimately cannot reach a verdict on Count No. 2 and the Court declared a mistrial, the

---

[1]   Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[2]   An "*Allen* charge" attempts to break a deadlocked jury by instructing that the result of a hung jury is a mistrial and that jurors at retrial would be faced with essentially the same decision; the charge encourages jurors to try to resolve their differences without coercing one another.   *Allen v. United States*, 164 U.S. 492 (1896); *Torres v. State*, 961 S.W.2d 391, 393 n.1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).

[3]   Appellant objected on three grounds:   (1) submission of an *Allen* charge was premature; (2) submitting it may influence the jury to fail to follow the Court's original charge; and (3) the submission allowed for the "subdivision of the charge" contrary to appellant's contention that the "failure on the part of the jury to reach a verdict on either of the counts . . . would be cause for mistrial as to the entire case . . . ." The trial court overruled appellant's objections.

Court would receive your unanimous verdict on Count No. 1 and declare a mistrial on Count No. 2 only."[4]

The jury subsequently sent the trial judge the verdict form containing a finding on Count 1, but not on Count 2. The judge informed the attorneys:

[Some] of this is speculation on my part, but after we sent the last note, I assumed the jury sort of assumed that that meant that we were, you know, that was solving the problem that they couldn't come up with a verdict yet on Count 2.

And while I was sitting in my chambers, the bailiff came down to me and handed me the charge and suggesting that apparently they thought they were through and they were bringing it to me."

The judge proposed instructing the jury as follows:

I have previously instructed you to continue deliberating on Count 2. Please advise the Court how you are divided on Count 2 without disclosing which is not guilty and which is guilty and return to me.

Appellant objected on grounds that "requesting a disclosure on how the jury is divided is an unauthorized polling of the jury."[5] The trial court overruled the objection and sent the instruction. The jury responded, "We are divided 10 to 2." Given that it was almost 5:00 p.m., the trial court wrote the jury, asking whether it preferred to continue deliberations or would rather break until the next morning. The jury chose to recess for the day. On the following morning, the jury delivered a verdict of guilty on both counts.

---

[4] Appellant again objected on three grounds: (1) the jury's failure to reach either count constituted a mistrial "to the case in its entirety, that is both counts"; (2) the instruction created an "untimely pressure on the jury such that they will not deliberate as carefully as they are required to do so . . . ."; and (3) the instruction was "an inappropriate comment from the Court that may tend to influence [the jury] to deliberate outside the evidence as it's been presented." The trial court overruled appellant's objections.

[5] Appellant also reasserted his contention that a deadlocked jury on one count should result in a mistrial on both counts.

## II. JURY POLLING

By his sole issue, appellant argues the trial court's polling of the jury on Count 2 of the indictment during deliberations coerced the jury to an improper verdict. He argues that the totality of the circumstances prove that the jury polling had a coercive effect. We disagree.

The mere inquiry of the jury's numerical division is not reversible error per se. *See, e.g., Howard v. State*, 941 S.W.2d 102, 124 (Tex. Crim. App. 1996) (en banc) (recognizing rule of per se reversal in federal law, but holding it inapplicable to Texas cases); *Melancon v. State*, 66 S.W.3d 375, 384 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Chairs v. State*, 878 S.W.2d 250, 252 (Tex. App.—Corpus Christi 1994, no pet.); *Odom v. State*, 682 S.W.2d 445, 448 (Tex. App.—Fort Worth 1984, pet. ref'd). There are occasions, however, when the inquiry will cause an improper coercive effect on the jury, and thereby be grounds for reversible error. *See Hollie v. State*, 967 S.W.2d 516, 521–22 (Tex. App.—Fort Worth 1998, pet. ref'd) ("[W]hile some combinations of supplement instructions and jury polling might result in a violation of constitutional rights, this will not be the result when the overall effect of the combination is not such as to result in a coerced verdict."). In evaluating whether there is a coercive effect, each case must be decided on its own facts and circumstances. *See id.*

### A.     Standard of Review

In the event a jury is unable to agree on a verdict, the trial court "may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree." TEX. CRIM. PROC. CODE ANN. § 36.31 (West

4

2006).   The exercise of discretion regarding whether to declare a mistrial is determined by the amount of time the jury deliberates considered in light of the nature of the case and evidence.   *Beeman v. State*, 533 S.W.2d 799, 800 (Tex. Crim. App. 1976); *Chapman v. State*, 150 S.W.3d 809, 812 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *Torres v. State*, 961 S.W.2d 391, 393 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd).   Included in the trial court's calculus is the consideration of whether the "jury moved toward agreement during the period of deliberation and the nature and extent of communication from the jury."   *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd) (citing *Beeman*, 533 S.W.2d at 801–02).

It is neither unusual nor an abuse of discretion for the trial court to require a jury to continue deliberating after it indicates to the trial court that it is deadlocked.   *Ford v. State*, 14 S.W.3d 382, 395 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Montoya v. State*, 810 S.W.2d 160, 166–67 (Tex. Crim. App. 1989) (en banc)).   In considering whether the trial court's conduct amounted to coercion, we examine the trial court's actions "'in [their] context and under all circumstances.'"   *See Barnett v. State*, 161 S.W.3d 128, 133–34 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d (Tex. Crim. App. 2006) (quoting *Howard*, 941 S.W.2d at 123).   Factors to be considered include the nature of the case, the amount of evidence considered by the jury, and the time spent in further deliberation.   *Id.* at 134 (citing *Lindsey v. State*, 393 S.W.2d 906, 908 (Tex. Crim. App. 1965)).

**B.    Discussion**

When a trial court polls a jury during deliberations, the issue of coercion usually arises if the trial court searches out and targets, specifically or inferentially, specific members of the jury, and then urges *them* to reevaluate *their* views.   *See Barnett*, 161 S.W.3d at 134; *Hollie*, 967 S.W.2d at 522.   Such is not the case here.   The trial court never attempted to identify which jurors comprised the minority nor attempted to sway any jurors.   Rather, the trial court took precautions to prevent the jury from disclosing the substance (guilty or not guilty) of the numeric split.   Further, the trial court assured the jury that its inability to reach a verdict on one of the counts would not affect a finding on the other count.

Appellant maintains that the trial court's failure to provide additional *Allen* charge language or limiting instructions when it conducted the jury polling "undermined [the trial court's] earlier instructions and unduly pressured jurors."   But, appellant has provided no case authority that requires a trial court to repeatedly caution the jury with additional *Allen* charge language or instructions.   And, the record does not show that the jury disregarded or was confused about the trial court's instructions.   We therefore presume that the jury followed the trial court's instructions in the manner presented absent record evidence rebutting that presumption.   *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

Appellant lastly argues the trial court prioritized an expedient verdict to a true one. The record, however, does not show that the trial court was attempting to rush to a verdict

or to condition the jury's recess on reaching one.   To the contrary, the trial court afforded the jury its own opportunity to choose whether to cease deliberations until the next day.

After considering appellant's arguments and the relevant factors, we hold the trial court's decision to poll the jury fell within its broad discretion.   *See Galvan*, 869 S.W.2d at 528.   We overrule appellant's issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.


GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2013.