**Clarence E. COOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45128.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Fairweather & Hale, by Selden B. Hale, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and F. G. Shackelford, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

Appellant was convicted June 30, 1970, of robbery by assault. The punishment was assessed by the jury at five years imprisonment. His application for probation was granted upon recommendation by the jury. Imposition of sentence was suspended and the appellant was placed on probation.

On February 19, 1971, a hearing was conducted on the State's amended motion to revoke probation. It alleged that the appellant, an employee of Dapper Dan Enterprises, Inc., did "fraudulently embezzle, misapply and convert to his own use, without the consent of the said incorporated company, certain money . . . of the value of over $50.00 . . ." The court, having found that the defendant failed to comply with the condition of his probation that he "commit no offense against the laws of this . . . state . . ." entered an order revoking appellant's probation and pronounced sentence.

It is appellant's sole contention on appeal that the trial court abused its discretion by admitting into evidence appellant's written confession. It is argued that the confession was made in violation of those constitutional rights enunciated in Miranda v.

Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). Complaint is made that the appellant requested the assistance of counsel at the time of the taking of his statement, that this request was denied in the absence of any showing of "positive waiver on his part, and such request tainted any confession taken by the State."

Appellant's statement was taken by Lieutenant Jackson of the Amarillo Police Department. The record reflects that prior to questioning the appellant, Officer Jackson secured the presence of E. L. Booch, the chief probation officer for the district courts of Potter County. Both Jackson and Booch testified that the appellant was fully advised of his constitutional rights prior to the taking of any written statement. Booch testified that the appellant expressly told him that he understood his rights, that no promises were made to the appellant by either Booch or Lieutenant Jackson, and that, "the entire procedure was taken in a normal tone of voice. At no time was any anger displayed or anything of that nature . . ." When asked if it appeared that the statement was given freely and voluntarily, Booch answered, "Very much so." The testimony given by Peggy Carr, the secretary who typed appellant's statement, was in accord with that of Booch.

Included in the record is a written instrument, signed by the appellant and witnessed, in which he acknowledged that he was advised of those constitutional rights relating to the making of a confession. Sometime after signing this instrument, and just before the transcription of his statement, the appellant asked that counsel be present. Lieutenant Jackson immediately terminated the questioning, whereupon the appellant reversed himself, stating that he wanted to make his statement at that time, even though an attorney was not present. In an effort to be certain of appellant's intentions, Booch and Jackson both asked the appellant if he understood the nature of his actions and explained that they did not want the appellant to be laboring under the mistaken belief that he was being denied an attorney, nor did they want to be confronted with the situation presented here. They specifically told him that they did not want him to be later coming before a court "saying that we forced him to do anything; that we denied him an attorney." The appellant then told them "I will go ahead and give you a statement."

The record indicates that the appellant, who had had military service and attended college for two years, was fully apprised of his rights, and that he knowingly waived these rights. See Nash v. State, 477 S.W.2d 557 (Tex.Cr.App.1972).

We find no abuse of discretion on the part of the trial court in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.