Harold Henry BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47990.

Court of Criminal Appeals of Texas.

April 17, 1974.

Don Gladden (court appointed), Fort Worth, for appellant.

Tim Curry, Dist. Atty., L. T. Wilson, Bill Leonard and Bill Mills, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of murder with malice and the jury assessed punishment at seventeen (17) years' imprisonment.

The record reflects that the appellant was living with the mother of the deceased child and was taking care of the child while the mother was at work. When the mother returned home from work about 2:30 A.M. on Thursday, December 23, 1971, the child, 22 months old, was unconscious. The child never regained consciousness and was not taken for medical treatment until approximately 3:30 A.M., December 25, 1971, when the appellant and the child's mother took her to the emergency room at John Peter Smith Hospital in Fort Worth. Both the mother and appellant, upon being questioned by Officer Layman about the child's condition, said a babysitter had caused the injuries while they were at a party. Detective Whistler arrived at the hospital to investigate the matter. As the result of a conversation between Whistler and the mother, the detective instructed Officer Layman to take appellant into custody at approximately 6:30 A.M. on Christmas morning. While still at the hospital, Officer Layman gave appellant the appropriate *Miranda*[1] warnings. Appellant was then taken to the city jail, where he made and signed a written confession.

The confession recited that on December 22, 1971, between 8:00 and 9:00 P.M., appellant repeatedly struck the child while "potty training" her. He further stated he slapped the deceased child when he found her holding a toy telephone cord around her neck. The child fell back against the playpen, struck her head, and did not regain consciousness.

The child died shortly after being taken to the hospital.

An autopsy was performed on December 27, 1971, and the cause of death was determined to be complications of bronchial pneumonia due to hemorrhage into the brain due to a blow to the head by means of a blunt instrument.

In his first ground of error appellant contends the court erred in declar-

[1]. Mirarnda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ing a mistrial after the jury had deliberated only twelve hours, forty-one minutes on the issue of appellant's guilt at his first trial.

The exercise of discretion by the trial court, in discharging the jury upon his own motion, is measured by the amount of time the jury deliberated in light of the nature of the case and evidence. Satterwhite v. State, Tex.Cr.App., 505 S.W.2d 870 (1974); O'Brien v. State, Tex.Cr.App., 455 S.W.2d 283; Art. 36.31, Vernon's Ann. C.C.P. In order to determine whether a jury has been prematurely discharged, we must ". . . know some of the facts to indicate the amount and length of testimony the jury was called upon to consider in their deliberations, we must know the time consumed by the trial and then weigh this time element against the time that the jury deliberated prior to their discharge." Lindsey v. State, Tex.Cr.App., 393 S.W.2d 906, 908. See also Boone v. State, Tex. Cr.App., 506 S.W.2d 227 (1974).

The record from the first trial does not show the exact amount of time testimony was being presented in the case; however, the record does show that the trial began on February 21, 1972, the jury being sworn at 2:00 P.M., and that the case went to the jury at 4:36 P.M. the following day.

The deliberation time was 12 hours and 47 minutes over a three day period.[2] The jury informed the trial judge that they were divided 9 – 3 and there was no hope of their reaching a verdict unless they received further instructions from the court. The court stated it could give them no further instructions and had them deliberate for another 1 hour and 20 minutes at which time the jury sent out a note stating: "This jury is not able to reach a verdict in this case. We have now pursued all avenues that we find available to us in the charge and evidence presented to us."

The judge thereupon excused the jury and declared a mistrial.

In view of the facts stated we find that the trial court had adequate cause to believe that the jury had been kept together for such time as to render it altogether improbable that it would agree, and that there was no abuse of discretion. Satterwhite, *supra*; Lindsey, *supra*; Art. 36.31, V.A.C. C.P.

Appellant's first ground of error is overruled.

■■■ Appellant, in his second ground of error, complains that the trial court erred in failing to quash the indictment for murder on the ground the first jury was deadlocked at a vote of 9 – 3 in favor of aggravated assault; therefore, there should have been jeopardy attaching to the offenses of murder with and without malice.

Appellant relies on Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), for the proposition that, since the Supreme Court has approved less than unanimous verdicts, this 9 – 3 vote of aggravated assault should have barred prosecution. There was no legal evidence before the court of any discussion in the jury room of guilt of aggravated assault. Any such evidence would have been irrelevant, since there was no verdict.

This contention is wholly without merit. This State requires a unanimous verdict in all criminal cases; therefore, since there was a legal mistrial without a verdict, we have determined that jeopardy had not attached in this case. Lindsey v. State, Tex.Cr.App., 393 S.W.2d 906; Strickland v. State, 169 Tex.Cr.R. 633, 336 S.W.2d 185; Tex.Const., Art. V, § 13, Vernon's Ann.St. Art. 36.29 V.A.C.C.P.

Appellant's second ground of error is overruled.

2. On February 22, 1972, the jury deliberated 50 minutes in the afternoon. On February 23, the jury deliberated 3 hours 10 minutes in the morning and 4 hours 1 minute in the afternoon. On February 24, the jury deliberated 3 hours 20 minutes in the morning and 1 hour 20 minutes in the afternoon.

Appellant, in his third ground of error, contends the court should have declared a mistrial on its own motion when appellant's psychiatrist testified that appellant told him he (appellant) caused the death of the child.

■ There was no objection made when the State presented the question to the psychiatrist on cross-examination nor when the psychiatrist so testified. In the absence of a timely objection, no error was preserved. Jones v. State, Tex.Cr.App., 501 S.W.2d 308.

Appellant's third ground of error is overruled.

■ In his fourth and fifth grounds of error, appellant contends the court erred in admitting the appellant's written confession because the confession was not voluntarily given and was taken in derogation of appellant's right to counsel and right to remain silent.

The trial court, in response to the motion of appellant, conducted a hearing in the absence of the jury to determine the admissibility of the written confession. At the end of the hearing the court found that the confession had been voluntarily and knowingly made after appellant had been three times duly warned of his rights provided by Art. 38.22, V.A.C.C.P., and that prior to giving the confession appellant had knowingly, intelligently and voluntarily waived his right to have legal counsel present, and his right to remain silent.

The evidence reflects that the appellant was given the appropriate warnings at the hospital and prior to the interrogation at the jail. Detective Sinclair testified that when he was taken from his jail cell appellant at first requested an attorney. Sinclair immediately terminated the questioning and started to leave, telling appellant he would be sent back to his cell, whereupon the appellant reversed himself, and began explaining his involvement with the deceased child. Sinclair, to be certain of

appellant's intentions, asked the appellant if he understood that he was waiving his right to an attorney. The appellant replied in the affirmative. A written confession was then obtained with warnings at the top of the statement again informing appellant of his rights, including the right to have an attorney at the interrogation.

Appellant, in his testimony, admitted signing the confession but said he did not do so voluntarily because he had not slept in several days, he had not taken his tranquilizers in several days, and because the officer stated: ". . . You goddamned yankee, I ought to beat your brains out. Now, do you still want a lawyer?" The officer denied making this or any like statement.

The trial judge, who was the trier of facts at the hearing, had sufficient evidence to find that the confession was voluntarily made and that the appellant waived his rights of a lawyer and of silence. Simmons v. State, Tex.Cr.App., 504 S.W.2d 465; Gutierrez v. State, Tex.Cr. App., 502 S.W.2d 746; Brookins v. State, Tex.Cr.App., 499 S.W.2d 320; Taylor v. State, Tex.Cr.App., 498 S.W.2d 346.

The fact appellant at first told the officer he desired counsel did not render his statement given thereafter involuntary as a matter of law under the evidence in the case. A confession, although made subsequent to a prior invocation of rights, is voluntary and admissible when the prosecution demonstrates the use of procedural safeguards effective to secure the accused's rights. Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Mitchell and Ratliff v. State, Tex.Cr.App., 503 S.W.2d 562 (1974). Thus, if the individual, once having invoked his rights, thereafter does, in fact, change his mind and knowingly and intelligently waive his rights, the prior invocation does not vitiate the statement. Miranda, *supra*; Simmons, *supra*; Mitchell and Ratliff, *supra*; Cooks v. State, Tex.Cr. App., 477 S.W.2d 280.

Considering the "totality of the circumstances," we are unable to agree with appellant's claim that he did not knowingly and intelligently waive his right to counsel at the time the confession was taken. Further, the court properly instructed the jury on the issue of voluntariness.

Appellant's fourth and fifth grounds of error are overruled.

■ In his grounds of error numbered six and seven, appellant contends the court erred in admitting into evidence four pictures of the deceased child while she was being treated in the hospital prior to her death.

The pictures in question are black and white and portray the condition of the child as she was being treated in the hospital on the morning of December 25, 1971 before her death. The pictures show the child nude with her head shaved, and surgical tubes fitted into her body. All four pictures were properly authenticated as being fair and accurate representations of the scenes which they depicted, although appellant complains the pictures did not accurately portray the color of the bruises.

In Byrd v. State, Tex.Cr.App., 495 S.W.2d 226, 227, this Court has recently held admissible pictures of a robbery *victim* in a hospital bed, with her head, face, arms, and hands bandaged along with a bruised eye and lip. So long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character cannot make their admission in evidence amount to a denial of due process. Terry v. State, Tex.Cr.App., 491 S.W.2d 161; Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Lanham v. State, Tex.Cr.App., 474 S.W.2d 197. The photographs admitted into evidence in the instant case are logically relevant to a determination of the extent of the child's injuries and of whether the requisite intent and malice were present when those injuries were inflicted. Lanham, *supra*, at p. 199.

Appellant's sixth and seventh grounds of error are overruled.

■ Appellant in his eighth ground of error contends the court erred in not allowing the jail doctor to testify to appellant's need for antidepressant medication on June 21 and July 31, 1972, several months after his arrest, and while he was in custody. Appellant offered this evidence as circumstantial proof of appellant's mental condition on December 22, 1971, and as proof of his need for antidepressant medication.

There was direct evidence on both points by the appellant, the mother of the deceased child, and appellant's witness Dr. McCauley, a psychiatrist. There was no error in excluding testimony of the jail doctor. Coleman v. State, Tex.Cr.App., 442 S.W.2d 338; Johnson v. State, Tex.Cr.App., 384 S.W.2d 885 ; Suiter v. State, 165 Tex.Cr.R. 578, 310 S.W.2d 81.

Appellant's eighth ground of error is overruled.

■ Appellant in his ninth ground of error complains that the court erred in failing to sustain appellant's challenge for cause of a juror because he was shown to be biased and prejudiced. The juror stated he was biased against the "type of case." Appellant struck the juror from the panel and made no attempt to show that he was required to take an objectionable juror. Only the voir dire examination of this one juror was recorded. This Court has consistently held that in order to complain of the exclusion of a qualified juror or inclusion of an allegedly disqualified juror, the appellant must show he was injured or forced to proceed with an objectionable juror. Page v. State, Tex.Cr.App., 486 S.W.2d 300; Williams v. State, Tex.Cr.App., 481 S.W.2d 119.

Appellant's ninth ground of error is overruled.

Appellant, in his tenth ground of error, complains there is insufficient evidence

showing that appellant had the intent to kill the child.

Appellant himself took the stand and testified to repeatedly striking the child. The mother of the deceased child testified to the same facts. Furthermore, the appellant admitted telling a false story to the police in order to protect himself. The continued striking of a small child with the hands by an adult causing her to fall and strike her head in the manner shown by the evidence in this case is sufficient to sustain the verdict in light of the extensive and numerous injuries inflicted, and the medical testimony given as the result of the autopsy. Encina v. State, Tex. Cr.App., 471 S.W.2d 384; Hobson v. State, Tex.Cr.App., 438 S.W.2d 571; Hignett v. State, 170 Tex.Cr.R. 342, 341 S.W.2d 166; Sadler v. State, Tex.Cr.App., 364 S.W.2d 234. The relative size and strength of the parties, the manner of the attack, and the extent to which it was carried are all proper considerations.

Appellant's tenth ground of error is overruled.

Appellant, in his eleventh ground of error, contends the Court erred in failing to grant a mistrial, on its own motion, when Officer Layman testified that the child's mother had told him that appellant had "done it" with reference to the child's injuries.

The court sustained appellant's objection and appellant did not ask for an instruction to the jury or for a mistrial. This Court will not reverse a conviction of a crime solely because an improper question was asked. To cause reversal the question must be obviously harmful. Mistrot v. State, Tex.Cr.App., 471 S.W.2d 831; Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224. In light of the fact the appellant admitted beating the child, and called the child's mother to the stand who also testified that appellant had "done it", no harm is shown.

Appellant's eleventh ground of error is overruled.

Appellant, in his twelfth ground of error, complains of improper argument by the State in the following:

" . . . the members of the jury will become a part of law enforcement . . . and will be the voice of conscience of the people of this County and State."

This statement does not demand from the jury a conviction because the citizens of the county demand it, as in Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, or Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527. In this case, there was no statement made as to the desires of the citizens, and therefore the State did not go outside the record and state matters not in evidence. This was merely an argument for law enforcement. See Hudson v. State, Tex.Cr.App., 453 S.W.2d 147.

Appellant's twelfth ground of error is overruled.

Appellant, in his last ground of error, complains the court should not have allowed the State, during jury voir dire, to tell the jury the maximum punishment for murder without malice. The portion of the voir dire complained about is not included as part of the record before this Court on appeal; nor does the record reflect a request to include that portion of the voir dire. Therefore, nothing is presented for review.

Appellant's thirteenth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.