Daniel PRADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 61405.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 27, 1982.

E. Stanley Topek, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Calvin A. Hartmann & Lewis Dickson, III, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

A jury found the appellant guilty of aggravated robbery and assessed a punishment of ten years' confinement.

In his second ground of error, the appellant complains of three rulings by the trial court on three objections which were made during jury argument at the punishment phase of the trial. Although the appellant did not heed the direction of V.A.C.C.P. Article 40.09(9) ("This brief shall set forth separately each ground of error of which the defendant desires to complain on appeal"), the same statute provides that "if the court, upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection, the same shall be reviewed . . . ." We can identify and understand the three points of objection comprised by this ground, and one of the objections was well taken.

The prosecutor argued at the punishment stage of the trial in opposition to the appellant's application for probation:

"Do you feel like you owe Mr. Prado something? Do you, or do you feel like you've already given him what you owe him? That's a fair trial. That's all anybody's entitled to. He's the only person that stands between this young man and the penitentiary. Well, there are twelve of you and him. That makes thirteen and me and everybody else in the community. There are over a million people that stand between him and the penitentiary. They'd want him to go there if they knew what he did. Not just Mr. Topek.

"MR. TOPEK: I object to the prosecutor telling the jury what other people might want in this case. That's not proper.

"THE COURT: Overruled."

The State contends that the argument merely was "telling the jury that they were the voice and conscience of the community," relying on *Brown v. State*, 508 S.W.2d 91 (Tex.Cr.App.1974). In that case the argument was, "The members of the jury . . . will be the voice of conscience of the people of this County and State." This Court held that the argument was unobjectionable because, "This statement does not demand from the jury a conviction because the citizens of the county demand it, as in . . . *Pennington v. State*, 171 Tex.Cr.R. 130, 345 S.W.2d 527 [(1961) ('The people of Nueces County expect you to put this man away')]. In this case, there was no statement made as to the desires of the citizens, and therefore the State did not go outside the record and state matters not in evidence." 508 S.W.2d at 96. In exactly this regard, the case now before us is different from *Brown*; in this case there was a statement made as to the desires of the citizens, and there was a demand for a punishment of confinement because of the citizens' desires. The State was asking the jury to lend an ear to the community rather than a voice.

The State also relies on *Cain v. State*, 549 S.W.2d 707, 717 (Tex.Cr.App.1977), and *Hicks v. State*, 545 S.W.2d 805, 810 (Tex.Cr.App.1977). The former case is manifestly different. There the argument was, "Are we to . . . give him probation? If so, then who is to answer for the death of [the victim]? You? Me? The community at

large?" That argument was directed to the question of responsibility for the killing, not to community voices or expectations. In the latter case the argument was, "You twelve people are the ultimate people to determine what will and will not be tolerated in our community." That truly was an argument that the jury speaks for the community, unlike the case now before us in which the prosecutor spoke the community's desires to the jury. The appellant's objection should have been sustained.

The appellant also challenges the sufficiency of the evidence to prove venue. The merit (if any) of this ground is not properly before us, for the appellant does not point to any place in the record where "such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record." V.A.C. C.P. Article 44.24(a).

The judgment is reversed, and the cause is remanded.