Joseph Clayton FRANCIS, Appellant,

v.

The STATE of Texas.

No. 2–97–068–CR.

Court of Appeals of Texas,
Fort Worth.

July 19, 2001.

Rehearing Overruled Oct. 4, 2001.

Wes Ball, Arlington, for Appellant.

Tim Curry, Criminal District Attorney and Charles M. Mallin, David Curl, Anne E. Swenson and Christy Jack, Assistant Criminal District Attorneys, Fort Worth, for the State.

Panel A: CAYCE, C.J.; DAY and HOLMAN, JJ.

## OPINION ON REMAND

DAY, Justice.

### I. BACKGROUND

A jury convicted Appellant Joseph Clayton Francis of the offense of indecency with a child. Punishment was assessed at a $5000 fine and five years' confinement, probated for a period of five years.

In Appellant's second point, he complained that the trial court erred in overruling his objection to the court's charge to the jury, which allowed the jury to convict him upon a disjunctive finding between two separate offenses. The charge read in relevant part as follows:

[I]f you find from the evidence beyond a reasonable doubt that on or about the 1st day of November, 1992, in Tarrant County, Texas, the Defendant, JOSEPH CLAYTON FRANCIS, did ... engage in sexual contact by touching the breast *or* genitals of.... [Emphasis added.]

On original submission, we held that under *Kitchens v. State,* 823 S.W.2d 256, 257–58 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992), the court's charge was not in error. *Francis v. State,* No. 2–97–068–CR (Tex. App.—Fort Worth April 16, 1998) (not designated for publication). Specifically, we explained that under *Kitchens,* a jury is allowed to return a general verdict to a charge on alternate theories of committing the same offense in the disjunctive if the evidence is sufficient to support a finding under any of the theories submitted.

The court of criminal appeals granted Appellant's petition for discretionary review on this issue and held that *Kitchens* was inapplicable to the situation at hand. *See Francis v. State,* 36 S.W.3d 121, 123 (Tex.Crim.App.2000) (op. on reh'g). While *Kitchens* allows for the submission of alternate theories of committing the same offense in the disjunctive, the court of criminal appeals concluded that this case involved two separate offenses being submitted to the jury in the disjunctive. *Id.* at 124. Therefore, the court of criminal appeals determined that the charge "created the possibility of a non-unanimous jury verdict." *Id.* at 125. Consequently, the court of criminal appeals reversed our judgment and remanded the appeal to us for a harm analysis pursuant to *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984) (op. on reh'g). `Francis,* 36 S.W.3d at 125.

## II. DISCUSSION

■ Because the court of criminal appeals determined that error occurred, we must evaluate whether sufficient harm resulted from the error to require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994). The court of criminal appeals concluded that Appellant properly objected to the improper charge. *Francis,* 36 S.W.3d at 123. Error in the charge, if timely objected to in the trial court, requires reversal if the error is "calculated to injure the rights of the defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *see also Abdnor,* 871 S.W.2d at 731–32; *Almanza,* 686 S.W.2d at 171. In other words, a properly preserved error will call for reversal as long as the error is not harmless. *Almanza,* 686 S.W.2d at 171.

■ In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The burden lies with the defendant to persuade the reviewing court that he suffered some actual harm. *Abdnor,* 871 S.W.2d at 732; *LaPoint v. State,* 750 S.W.2d 180, 191 (Tex. Crim.App.1988) (op. on reh'g).

Unanimous verdicts are required in felony criminal cases. Tex. Const. Art. V, § 13; Tex.Code Crim. Proc. Ann. art. 36.29 (Vernon Supp.2001); *Kitchens,* 823 S.W.2d at 258 n. 2; *Brown v. State,* 508 S.W.2d 91, 93 (Tex.Crim.App.1974). However, the court of criminal appeals explained that the jury charge given in Appellant's case allowed the jury to return a non-unanimous jury verdict. *Francis,* 36 S.W.3d at 125. The court of criminal appeals specifically explained that:

[T]he jury charge given in appellant's case created the possibility of a non-unanimous jury verdict. The breast-

touching and the genital-touching were two different offenses, and therefore, should not have been charged in the disjunctive. By doing so, it is possible that six members of the jury convicted appellant on the breast-touching offense (while the other six believed he was innocent of the breast-touching) and six members convicted appellant on the genital-touching offense (while the other six believed he was innocent of the genital-touching). Appellant was entitled to an unanimous jury verdict.

*Id.*

 The State argues that the jury charge error was harmless because this case revolved around a swearing match between the child victim and Appellant. Because the jury obviously believed the child victim, the State contends that "any chance for an acquittal was lost." Specifically, the State alleges that "there is no reason to speculate that the jury might have only believed the child victim with regard to one of Appellant's crimes."

However, this argument belies the court of criminal appeals' analysis of the charge. While it may be true that we can determine from the jury's verdict that all twelve members believed Appellant was guilty of at least one of the offenses charged, there is no reason to speculate that every member of the jury unanimously believed the child witness with regard to the same or both of Appellant's charged offenses. This is particularly relevant in light of the court of criminal appeals' conclusion that the jury charge allowed the jury to convict Appellant nonunanimously on different offenses. While the jury charge instructed the jury that its verdict had to be unanimous, the jury question allowed a unanimous verdict concerning Appellant's guilt in general without requiring a unanimous verdict concerning his guilt in regard to a specific offense. Therefore, because the jury was capable of returning a less than unanimous verdict, we hold that some harm has been shown. We sustain Appellant's second point.

## III. CONCLUSION

Having sustained Appellant's second point, we reverse the trial court's judgment and remand this case to the trial court for a new trial.