ACCEPTED
01-15-00357-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 1:57:38 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00357-CR

IN THE FIRST COURT OF APPEALS
OF THE STATE OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 1:57:38 PM
CHRISTOPHER A. PRINE
Clerk

KENNETH L. BROWN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal in Cause Number 1389982
From the 177th District Court of Harris County, Texas
Hon. Ryan Patrick, Judge Presiding

BRIEF FOR APPELLANT

ORAL ARGUMENT WAIVED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

BOB WICOFF
Assistant Public Defender
State Bar of Texas No. 21422700
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
bob.wicoff@pdo.hctx.net

**Counsel for Appellant**

i

# Identity of Parties and Counsel

Appellant
    Kenneth L. Brown
    TDCJ # 01995117
    Garza West Unit
    4250 Highway 202
    Beeville, Texas 78102-8982

Presiding Judge
    Hon. Ryan Patrick
    177th District Court
    1201 Franklin
    19th floor
    Houston, Texas 77002

Trial Prosecutor
    Tammy Massa
    Assistant District Attorney
    Harris County, Texas
    1201 Franklin
    Houston, Texas 77002

Defense Counsel in Trial Court
    Ricardo Gonzalez
    Attorney at Law
    8876 Gulf Freeway
    Houston, Texas 77017

Defense Counsel on Appeal
    Bob Wicoff
    Assistant Public Defender
    Harris County, Texas
    1201 Franklin, 13th floor
    Houston, Texas 77002

# Table of Contents

|  | **Page** |
|---|---|
| Identity of Parties and Counsel: | i |
| Table of Contents: | ii |
| Index of Authorities: | iii-iv |
| Statement of the Case: | v |
| Issue Presented: | v |

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the conviction and sentence following the appellant's open plea of guilty, followed by a pre-sentence investigation and hearing before the trial court.

| Statement of Facts: | 1 |
|---|---|
| Summary of the Argument: | 3 |
| Argument: | 4 |
| Prayer: | 18 |
| Certificate of Service: | 18 |
| Certificate of Compliance: | 19 |

## Index of Authorities

**Cases**                                                                                 **Page**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................. *passim*

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005)..................................................... 6

*Buchanan v. State*, 68 S.W.3d 136 (Tex. App.-Texarkana 2001, no pet.)…….. 15

*Coleman v. State*, 577 S.W.2d 486 (Tex. Crim. App. 1979) ..................................................... 8

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974)..................................................... 5

*Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997)..................................................... 17

*Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009) ..................................................... 6

*Guevera v. State*, 985 S.W.2d 590 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd)   9

*High v. State*, 573 S.W.3d 807 (Tex. Crim. App. 1978)..................................................... 5

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008)..................................................... 4

*Jenkins v. State*, No. 14-97-00121-CR, 1998 WL 802439 (Tex. App.-Houston ............. 12 [14th Dist.] November 19, 1998, no pet.)(not designated for publication)

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988)............................. 4

*Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.) ............... 5

*Prado v. State*, 626 S.W.2d 775 (Tex. Crim. App. 1982)..................................................... 11

*Randon v. State*, 178 S.W.3d 95 (Tex. App.-Houston [1st Dist.] 2005, no pet.)…….. 16

*Rhoades v. State*, 934 S.W.2d 113 (Tex. Crim. App. 1996)..................................................... 14

*Robinson v. State*, 240 S.W.3d 919 (Tex. Crim. App. 2007)..................................................... 9

*Sanchez v. State*, 120 S.W.3d 359 (Tex. Crim. App. 2003) ..................................................... 8

## Index of Authorities (cont'd)

**Cases**                                                                          **Page**

*Solem v. Helm*, 463 U.S. 277 (1983)...................................................................... 14

*Sowels v. State*, 45 S.W.3d 690 (Tex. App.-Waco 2001, no pet.)………………………. 4

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)................................................4, 5, 6

*Stephens v. State*, 35 S.W.3d 770 (Tex. App.-Houston [1st Dist.] 2000, no pet.).............. 17

*Temple v. State*, 342 S.W.3d 572 (Tex. App.-Houston [14th Dist.] 2010)      11

*Wood v. State*, 260 S.W.3d 146 (Tex. App.-Houston [1st Dist.] 2008, no pet.)      16

**Statutes**                                                                          **Page**

TEX. PENAL CODE ANN., sec. 12.42(d)                 v, 14

TEX. PENAL CODE ANN., sec. 29.03(a)(2)              v, 7

## STATEMENT OF THE CASE

Kenneth Brown (hereafter "Appellant") was indicted in cause number 1389982 for the first-degree felony offense of Aggravated Robbery, which was alleged to have occurred on June 1, 2013 (C.R. at 13); *See* Tex. Penal Code, § 29.03(a)(2). The indictment contained two enhancement paragraphs, thereby subjecting the Appellant to 25-99 years in prison upon conviction (C.R. at 13); Tex. Penal Code, § 12.42 (d). The Appellant was found guilty of aggravated robbery as charged in the indictment (C.R. at 80). After the punishment hearing, the jury assessed the Appellant's punishment at thirty-eight (38) years confinement (C.R. at 87). The judgment contains an affirmative finding of a deadly weapon, namely, a firearm (C.R. at 95). No motion for new trial was filed.

## ISSUE PRESENTED

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation.**

**STATEMENT OF FACTS**

Brittany Spates and Curley Carter went out to celebrate Brittany's birthday with friends on the evening of June 1, 2013 (4 R.R. at 59-60, 108). Afterward, they drove back to the apartment complex where they both lived. Upon arriving back at the complex, as the two of them got out of the car, another car pulled up, a black Toyota Camry (4 R.R. at 69). As Spates and Carter were walking to their apartment, two men ran up to them, one of them with a gun drawn, telling them to get down on the ground (4 R.R. at 70-71, 118). The assailants demanded that Carter and Spates hand over their belongings (4 R.R. at 71, 118). Spates gave the robbers everything she had, and both she and Carter gave the men their cell phones (4 R.R. at 74-76, 122). The two men then ran away and Spates and Carter ran to a neighbor's apartment, where the neighbor called 9-1-1 (4 R.R. at 77).

Houston Police Department Officer Ollie Thibeaux responded to the call within five to ten minutes (3 R.R. at 12, 18; 4 R.R. at 78, 125). Upon arriving, Thibeaux encountered Spates and Carter, whom he described as "visibly shaking, nervous" (3 R.R. at 21). They told Officer Thibeaux that two black males driving a Toyota Camry had stolen an iPhone (3 R.R. at 24). Thibeaux asked Spates if her phone was an iPhone. They asked her to log into her "find my iPhone" app, which allowed the police to determine the location of the phone (4 R.R. at 79). In short order, Officer Thibeaux told Spates and Carter that they needed to go with him to a second location, where they had located the black Toyota Camry (4 R.R. at 79, 127).

Thibeaux drove Spates and Carter to the location where one of the two suspects was being detained, which was at another nearby apartment complex (3 R.R. at 27). Thibeaux testified that upon arriving at the black Toyota Camry, he let Spates and Carter walk up to the vehicle and look through the window at the property lying inside (3 R.R. at 28). They identified the iPhones inside the car as theirs, in each case because of the photographs that were on the phones (3 R.R. at 30-31; 4 R.R. at 80, 131-132). The two phone were recovered from the black Toyota Camry, but other items that were stolen were not recovered (3 R.R. at 43).

After identifying the phones, Spates and Carter were put into the back seat of a patrol car, where they were asked to look at a suspect to see if they could identify him (4 R.R. at 81-82). A suspect was then brought in front of the police car with the headlights shining on him (3 R.R. at 37-38). Spates testified that the man whom she had identified at the scene as being the robber was the Appellant (3 R.R. at 38-39; 4 R.R. at 84-85). She added that the Appellant had been the man who held the gun during the robbery (4 R.R. at 85). Carter had not been able to get a good look at the man wielding the gun (4 R.R. at 131). Spates estimated that the total elapsed time from the point of being robbed to the identification of the Appellant as the robber was 30 to 45 minutes (4 R.R. at 86).

Rafael Fuentes lived at the second apartment complex, where the Appellant was arrested. On the morning that the Appellant was arrested, Fuentes was taking a bag of trash to the dumpster when he found a gun lying in the grass (3 R.R. at 64).

2

Houston Police Department Officer Matama Roberson responded to the call regarding the gun, and took it into custody (3 R.R. at 69).

Houston Police Department Officer Tanika Miller testified that she was working patrol the morning of the robbery. At about 4:30 am, she observed a vehicle matching the description of the vehicle involved in the robbery (3 R.R. at 82). She followed the car to the entrance of an apartment complex, where two black males exited the car (3 R.R. at 86). Once the men walked away from the car, leaving it running, Officer Miller approached the car, where she could see cell phones lying inside (3 R.R. at 88; 4 R.R. at 8).

Miller radioed a description of the suspects and the direction they had headed, and within ten minutes a suspect was detained (3 R.R. at 89-90). She drove her patrol car to the location where the suspect was being detained and saw that it was the same person she had seen getting out of the car a few minutes earlier (3 R.R. at 91). She testified that the Appellant was the man who had gotten out of the driver's side of the car and who had been detained (3 R.R. at 92-93).

## SUMMARY OF THE ARGUMENT

The undersigned has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation. Therefore, the undersigned moves to withdraw from representing the Appellant and has filed, simultaneously with this brief, a motion to withdraw.

**ARGUMENT**

## A. *Anders* briefs generally

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that such a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). A reviewing court must resolve doubtful issues in the appellant's favor. *Id.* In the brief which accompanies his motion to withdraw, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State,* 45 S.W.3d 690, 691 (Tex.App.-Waco 2001, no pet.). The brief must contain references to anything in the record that might arguably support the appeal, even though counsel believes that the appeal is frivolous. *Anders v. California, supra*; *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra*; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready references to the record." *Stafford v. State, supra at 510 n.3*; *High v. State, supra.* Conclusory statements in the brief are insufficient. *Anders v. California, supra*; *High v. State, supra*; *Currie v. State, supra.*

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a *pro se* brief. Counsel must certify or otherwise show the appellate court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After appellant has himself raised the points that he wishes to raise, or the time has passed for him to do so, the appellate court must conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous. *Anders v. California, supra*; *Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.). If the court finds that the appeal is wholly frivolous and that

5

there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Although a reviewing court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. *Id.*, at 767. If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The appellate court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. *Anders v. California, supra; Stafford v. State, supra*. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe, supra*, at 827-828, fn 6.

## B. The appeal in this case is frivolous

The undersigned has evaluated the record from this case with the help of the useful "Anders Guidelines" posted on the website of the Fourteenth Court of Appeals. *See* http://www.txcourts.gov/media/883046/andersguidelines-revised-post-kelly-.pdf.

6

1. **Sufficiency of the indictment or misdemeanor information.**

The elements of aggravated robbery under Tex. Penal Code § 29.03 are:

(a) A person commits an offense if he commits robbery as defined in § 29.02; and
(2) uses or exhibits a deadly weapon; or

Under Tex. Penal Code § 29.02, a robbery is committed if, in the course of committing theft and with intent to obtain or maintain control of the property, the defendant intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The indictment charging the Appellant with aggravated robbery alleges the necessary elements under § 29.03(a)(2). Specifically, the indictment tracks the statutory language by alleging the Appellant, while in the course of committing the theft of property, and with the intent to obtain and maintain control of the property, did intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, adding the allegation that he used and exhibited a deadly weapon, a firearm (C.R. at 13). There is nothing which seems amiss with the aggravated robbery indictment, or which would suggest that it should have been challenged in the trial court by counsel.

The two enhancement paragraphs in the indictment each allege that the Appellant was convicted of the felony conviction of "assault family violence." The first enhancement alleges a conviction in 2009 that occurred prior to the commission of the charged offense in this case. The second enhancement alleges a conviction in

2012 that also took place prior to the date that the offense in this case was committed (which was June of 2013), and further alleges that it took place after the conviction in the first enhancement paragraph had become final. Thus, the enhancement paragraphs alleged the sequence of prior convictions necessary to enhance the Appellant's punishment under section 12.42(d) of the Texas Penal Code.

The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State. *Coleman v. State*, 577 S.W.2d 486, 488 (Tex. Crim. App. 1979). Because the enhancement paragraphs in this case described the prior convictions by date, cause number, county, and offense, sufficient notice was provided and a motion to quash would have been futile. *Id.* No motion to quash appears in the record for either indictment. Therefore, any defects of form, substance, want of notice, or any other claim other than fundamental defect is waived. See Tex. Code Crim. Proc. art. 1.14(b); *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). However, no such motion was called for, as the indictment was sufficient in all respects.

**2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial**

The following motions were filed by the defense in this case:

1) Defendant's Motion for the Appointment of an Investigator and Request for Funds for an Investigator (C.R. at 21)(motion was granted);
2) Motion for Discovery and Inspection of Evidence (C.R. at 27)(motion was not ruled on);
3) Motion for Disclosure and Production of Evidence Favorable to Defendant (pro se)(C.R. at 29)(motion was not ruled on);

4) Request for Notice Under Texas Rules of Criminal Evidence 404 and 609 and Texas Code of Criminal Procedure Article 37.07 (pro se)(C.R. at 33) (motion was not ruled on);

5) Motion to Dismiss Court Appointed Attorney and Appoint New Counsel to Act on Behalf of Defendant (pro se)(C.R. at 36)(motion was not ruled on);

6) Defendant's Motion in Limine (C.R. at 60)(motion was not ruled on);

7) Motion for Hearing on Admissibility of Any Statement by Defendant Whether Written or Oral or Evidence Resulting from Same (C.R. at 62) (motion was not ruled on).

"The State filed a Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses," so although the Appellant's motion (number 4 above) was not presented to the trial court for a ruling, the information sought in such motion was provided nonetheless. For the remainder of the above listed motions, the record does not reflect a ruling by the trial court. Motions must be "presented" to the trial court to preserve a complaint for appellate review, and presentment means more than mere filing. *Guevara v. State,* 985 S.W.2d 590, 592 (Tex. App.-Houston [14th Dist] 1999, pet. refd). The movant must make the trial judge aware of the motion by calling the judge's attention to it in open court and requesting a ruling thereon. *Id.* Because trial counsel did not obtain a ruling on the above listed motions (absent the motion requesting a fee for an investigator) nothing is preserved for appellate review.

As for the Defendant's pro se motions, because a defendant does not have a right to hybrid representation, the trial court is free to disregard any pro se motions presented by a defendant who is represented by counsel. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Thus, no point of error would be properly

predicated on the Appellant's pro se motions. In any case, these were boilerplate motions which, even if adversely ruled on, would not have lent themselves to issues on appeal. Appellate counsel has detected no other pre-trial motions that were advisable in this case but not filed. Specifically, there were no grounds to file a motion to suppress, motion to quash, or motion for speedy trial.

**3. Any adverse rulings during trial on objections or motions, including objections to admission or exclusion of evidence, objections premised on prosecutorial or judicial misconduct, and motions for mistrial.**

Although there were sporadic objections by defense counsel during the presentation of evidence, none could be said to have involved hotly contested issues. For example, defense counsel objected periodically to questions that called for hearsay responses (3 R.R. at 30, 31, 32, 38, 77), or to the form of the question (4 R.R. at 25-26, 27, 87), but the objections were sustained or the prosecutor rephrased the question or the objection was properly overruled.

At one point, defense counsel objected to the State's attempt to introduce a gun into evidence, and the trial court sustained the objection (3 R.R. at 74-75). Counsel also objected that the chain of custody had not been proven as to some clothing the State attempted to introduce, but the trial court sustained that objection as well (3 R.R. at 94). At times, the State objected to defense questions, and defense counsel merely rephrased his question (4 R.R. at 12, 16).

Suffice it to say, the objections posed by each lawyer at trial were as to matters of form rather than substance. None of the objections that resulted in adverse rulings resulted in arguable issues on appeal.

Defense counsel also objected to the following portion of the State's closing argument:

> [The State]: And today is the day for you to do your job. Justice cannot be done alone. The community has to come together to fight for what is right and to fight against what is bad and evil in this world and this event should not be occurring in Harris County and if it does…
> [The Defense]: Objection as to improper argument, Your Honor.
> [Trial Court]: Overruled. (4 R.R. at 180-181).

It is unclear whether defense counsel's objection was sufficiently specific. In any event, a point of error based on the trial court's ruling would be frivolous. Even when a jury argument exceeds the approved areas, it will not constitute reversible error unless the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Temple v. State*, 342 S.W.3d 572, 602-603 (Tex. App.-Houston [14th Dist] 2010). Error in allowing improper argument is generally nonconstitutional error that must be disregarded unless it affects the defendant's substantial rights. *Id.* The State's comment that "[T]he community has to come together to fight for what is right and to fight against what is bad and evil in this world" is not inflammatory, extreme, or manifestly improper. Although it is improper to argue that the community desires a certain result, the argument in this case was instead a proper plea for law enforcement. *Cf. Prado v. State*, 626 S.W.2d 775, 776 (Tex. Crim. App. 1982) with *Jenkins v. State*, No. 14-

11

97-00121-CR, 1998 WL 802439 (Tex. App.-Houston [14th Dist.] November 19, 1998, no pet.)(not designated for publication).

**4. Any adverse rulings on post-trial motions (e.g., motion for new trial or post-judgment verdict of acquittal)**

There were no post-trial motions, nor were any called for.

**5. Potential errors during jury selection**

Both sides were allowed to conduct voir dire without interference from the trial court. There were no objections posed by either lawyer to the other's questions during jury selection. No challenges for cause were denied. The trial court granted each side's challenges. No objections were lodged by either side to the empaneling of the jury (2 R.R. at 158).

**6. Potential errors regarding jury instructions**

The jury instructions in this case were standard instructions for an aggravated robbery case. They included instructions on the law of parties (C.R. at 74), as well as an application paragraph applying the law of parties to the facts of the case, with the other, unapprehended robber listed as an "unknown person." (C.R. at 75). There were no defensive issues with regard to this case. It was simply a matter of whether the Appellant was indeed one of the robbers. Therefore, the jury charge did not call for any unusual instructions. Neither side presented any objections to the charge (4 R.R. at 152), and there do not appear to be any objections that would have been appropriate.

## 7. Sufficiency of the evidence.

A legal sufficiency challenge to the Appellant's conviction would be fruitless. In regards to the aggravated robbery charge, the State was required to prove that the Appellant, in the course of committing theft, and with the intent to obtain and maintain control of the property of another, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. (C.R. at 13). Tex. Penal Code, sec. 29.03(a)(2).

Evidence was introduced at the guilt-innocence phase of the trial supporting each of these elements. Simply, the evidence was not seriously in dispute. Spates and Carter were robbed at gunpoint by two men in a black Toyota at the first apartment complex. By tracking Spates's cell phone, police were quickly able to locate the black Toyota at another nearby complex. A police officer saw two men, one of whom she later identified as the Appellant get out of a black Toyota. Shortly afterward, the Appellant was arrested and Spates identified him as the robber who took hers and Carter's property at gunpoint less than an hour earlier. Cell phones belonging to both Carter and Spates were found in the black Toyota. The entire episode, from robbery to identification of the Appellant as one of the robbers, took less than an hour. The apprehension of the Appellant in the early morning hours stood less chance of being mistaken given the absence of very many people on the street, and was buttressed by the identification by the complainants and Officer Miller. Therefore, the evidence was

legally sufficient to convict and a legal sufficiency challenge in this case would have been pointless.

## 8. Fundamental error.

There was no fundamental error in this case.

## 9. Reasonableness of the sentence imposed.

The Appellant entered a plea of true to both enhancement paragraphs of the indictment (5 RR. at 12). A plea of "true" to an enhancement paragraph constitutes evidence and is sufficient proof to support the enhancement allegation. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984). Thus, the punishment range in his case was enhanced to 25-99 years in prison upon conviction. Tex. Penal Code, § 12.42(d).

Prison sentences are subject to a proportionality analysis under the Eighth Amendment of the federal constitution. *Solem v. Helm,* 463 U.S. 277, 289 (1983). Additionally, the Texas Constitution prohibits "cruel or unusual punishment." Tex. Const, art. 1, § 13. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Rhoades v. State,* 934 S.W.2d 113, 119-20 (Tex. Crim. App. 1996). No objection was made by the defense to the sentence assessed. Thus, any claim under the Eighth Amendment and Texas Constitution was waived (8 R.R. at 29-31).

14

In any case, with a minimum punishment of 25 years and the maximum punishment at 99 years or life, a sentence of thirty-eight (38) years falls closer to the minimum end of the available range. In any case, the sentence was within the prescribed statutory range for the offense the Appellant was convicted of, with two enhancements. "Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual." *Buchanan v. State*, 68 S.W.3d 136, 141 (Tex. App.-Texarkana 2001, no pet.).

## 10. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.

The written judgment accurately reflects a conviction for "aggravated robbery-deadly weapon," and lists such offense as a first-degree felony (C.R. at 95). This is accurate. The judgment reflects the thirty-eight (38) year sentence. As to credit for time served, the judgment reflects that the Appellant was to be credited for the time period of 6/01/2013 until the date of sentencing, 4/17/2015. This is consistent with the Appellant's having been arrested on the date of the offense, 6/01/2013, and being credited for all time spent until and including the date of sentencing on 4/17/2015.

## 11. Examination of the record to determine if the appellant was denied effective assistance of counsel.

There is no suggestion from the record that counsel's performance was deficient in a manner that can be raised on direct appeal. The Appellant complained to the trial court that his lawyer had not filed any the written motions he had thought

appropriate (5 R.R. at 7-8), but it is unclear what motions were called for. *See* section 2, *supra.* Defense counsel offered a sheriff's office employee to prove that the clothing the Appellant was arrested in did not match the clothing described as being worn by the robber (4 R.R. at 153-154). He also called the Appellant's mother, Rene Prince, as a character witness at punishment (5 R.R. at 21).

As has been frequently noted, the record on direct appeal in ineffective assistance of counsel cases rarely provides the reviewing court an opportunity to conduct a fair evaluation of the merits. *Randon v. State*, 178 S.W.3d 95, 102 (Tex. App.-Houston [1st Dist.] 2005, no pet.). A reviewing court cannot speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *See Wood v. State*, 260 S.W.3d 146, 148 (Tex. App.-Houston [1st Dist.] 2008, no pet.). Thus, any claimed ineffectiveness in this case would be better raised in a post-conviction writ proceeding.

## 12. Conclusion

Although this case presents a substantial sentence with aggravated time, it was nonetheless a straightforward case for the prosecution, with little opportunity for missteps by the State and not much that could have been done in defending it. The lack of substantive issues left a record without any non-frivolous grounds to argue.

## C. The Appellant has been provided with a copy of the complete appellate record and a copy of the motion to withdraw

A copy of the entire appellate record (which consists of one volume of the Reporter's Record, as well as six volumes of the Clerk's Record) has been sent to the Appellant at his current address, which is:

Kenneth L. Brown
TDCJ # 01995117
Garza West Unit
4250 Highway 202
Beeville, Texas 78102-8982

The undersigned has also sent a letter with the copy of the record, explaining further the import of this brief and how the Appellant might pursue issues on an 11.07 writ that cannot be raised on direct appeal. A copy of this brief is also being sent to the Appellant, as is the attached Motion to Withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and *Stephens v. State*, 35 S.W.3d 770, 771 (Tex. App.-Houston [1st Dist.] 2000, no pet.)(motion to withdraw pursuant to *Anders* brief is properly directed to the appellate court, not the trial court).

Should this Court grant the undersigned's Motion to Withdraw, the undersigned will inform the Appellant of the result of his appeal and will also inform the Appellant that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

For the reasons stated above, the undersigned prays that he be allowed to withdraw from representing the Appellant in this case, and that the Appellant be given the opportunity to file his own brief.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

**/s/Bob Wicoff**
**Bob Wicoff**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th floor
Houston Texas 77002
(713) 274-6781
TBA No. 21422700

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing brief was sent through the efile system to the Harris County District Attorney's Office on the 9th of November, 2015.

/s/ Bob Wicoff
Bob Wicoff

18

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the length requirements of Tex. R. App. P. 9.4(i). Specifically, the foregoing brief contains a total of **4,604** words, which is the total word count excluding those matters listed in Tex. R. App. P. 9.4(i)(1).

/s/ Bob Wicoff
Bob Wicoff
